**Darvin DORSCHE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48888.**

Court of Criminal Appeals of Texas.

Oct. 16, 1974.

Rehearing Denied Nov. 6, 1974.

---

Bob Kuhn, Austin, for appellant.

Joe Carroll, Dist. Atty. and Troy C. Hurley, Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder without malice, committed by driving a motor vehicle while intoxicated, as denounced by Art. 802c, Vernon's Ann. P.C. After the jury returned a verdict of guilty, punishment was assessed by the court at two (2) years.

The record reflects that appellant attempted to pass a vehicle driven by Amelie Leyendecker on Texas Highway 95 on March 4, 1973. Appellant's car struck the Leyendecker vehicle before completing the passing maneuver. Appellant's car and the Leyendecker vehicle were proceeding south, and after colliding with the Leyendecker vehicle, appellant's car veered into the oncoming or northbound lane of the highway, where a head-on collision occurred with a 1957 Chevrolet driven by one Clarence Jones. Jones died as a result of injuries received in the collision.

Appellant's first two contentions are directed to the sufficiency of the evidence to support the conviction. Appellant first urges that the State failed to discharge its burden of proof in proving that appellant was intoxicated.

Highway patrolman Schiller testified that he made the following observation of appellant at the scene of the accident:

"I observed that he had a strong odor of an intoxicating beverage about his person . . . . His speech was slurred . . . . He swayed from side to side, and I would describe his turning movements as unsure."

Schiller testified that in his five years of experience as a highway patrolman he had "many occasions" to see persons he thought to be intoxicated, and in his opinion the appellant was intoxicated on the occasion in question.

The results of a breathalyzer test given appellant two hours and fifteen minutes after the accident revealed a 0.10 per cent alcohol content. The jury was instructed relative to 0.10 per cent or more of alcohol in a person's blood raising a legal presumption that such person was under the influence of intoxicating liquor.[1] Appellant points to conflicts in the evidence and notes that certain witnesses for the State testified that in their opinion appellant was not intoxicated. Appellant testified in his own behalf and admitted drinking "two or three beers" prior to the accident, but denied being intoxicated.

■ The jury resolved the disputed issue of intoxication against the appellant, and we find the evidence sufficient to support their verdict. See Nichols v. State, Tex.Cr.App., 504 S.W.2d 462; Johnson v. State, 170 Tex.Cr.R. 381, 341 S.W.2d 453; Ashley v. State, 155 Tex.Cr. R. 534, 237 S.W.2d 311.

Appellant urges that the evidence was insufficient to support the conviction in that the State failed to discharge its burden in proving that intoxication caused or contributed to cause the accident. Appellant urges that the accident was caused by a blowout on his left front tire which occurred while attempting to pass the Leyendecker vehicle and, under the circumstances, the collision with the Jones auto could not have been avoided by the most careful driver, drunk or sober.

■ In cases of this nature, the existence or non-existence of such causal connection is normally a question for the jury. Sanchez v. State, Tex.Cr.App., 398 S.W.2d 117; Fletcher v. State, 166 Tex.Cr.R. 561,

317 S.W.2d 57. The jury was charged with reference to the necessity of a causal connection in the instant case.

The State offered opinion testimony of the investigating officer that there was not a blowout prior to the collision since there were no skid marks, which normally accompany the rapid deflating of a tire. Louis Farmer, a passenger in appellant's vehicle at the time in question, testified that he did not remember a blowout prior to the accident. The State's theory was that appellant attempted to pass the Leyendecker vehicle when it was unsafe to do so; that this was brought about by impairment of judgment caused by appellant's intoxication, and the same impairment resulted in appellant overreacting when he saw the Jones vehicle, and resulted in the impact with the Leyendecker auto and ultimate collision with the Jones vehicle.

We find the evidence sufficient to support the jury's finding that appellant's intoxication caused or contributed to the cause of the fatal collision.

Appellant contends that the court erred by charging the jury on the presumption of intoxication resulting from a breathalyzer test "without proper foundation in the evidence."

Appellant's written objection to the court's charge was timely presented and urged that the court should not charge on presumption of intoxication resulting from the breathalyzer test for the reason that the operator of the breathalyzer was not shown to have been "certified within the past year as required by law."

Appellant points to Sec. 3(b) of 802f, V. A.P.C., providing,

1. Trial was on November 2, 1973. Art. 802f, V.A.P.C., was amended (effective June 1, 1971) to provide that 0.10 per cent or more by weight of alcohol in a person's blood is prima facie proof of the fact that a person is under the influence of intoxicating liquor. (Arts. 802d and 802f were transferred pursuant to Sec. 5 of Acts 1973, 63rd Leg., p. 995, ch. 399, to Arts. 6701*l*-3 to 6701*l*-5, Vernon's Ann.Civ.St.)

"Chemical analysis of a person's breath . . . must be performed . . . by an individual possessing a valid certificate issued by the Texas Department of Public Safety for this purpose."

Section 3(c) of this statute provides,

"Breath specimens must be taken and analysis made . . . by such persons as the Texas Department of Public Safety has certified to be qualified."

Appellant directs our attention to the rules promulgated by the Texas Department of Public Safety pursuant to the mandate of the statute. Specifically, appellant points to Paragraph III(A)(3) of the rules promulgated by the Department:

"Upon the successful completion of the requirements in this section the Scientific Director shall issue the individual a breath testing operator's certificate valid for one year unless revoked."

Officer Schiller in testimony as to his qualification as a breathalyzer operator and in relating how the test in question was performed[2] stated that he received certification as a breathalyzer operator on January 23, 1970, from the Scientific Director for the Texas Department of Public Safety. In response to the question, "You were certified then on March fourth, nineteen seventy-three [date in question]?" Schiller answered, "Yes, sir."

Schiller testified as to the results of the breathalyzer test without objection, and no complaint was urged by appellant until he filed his objections to the court's charge. We find the fair import of the officer's testimony to be that his certification was current and valid on the date in question. No testimony was offered to show lack of qualification. No error is shown.

The judgment is affirmed.

---

2. See Reyna v. State, Tex.Cr.App., 508 S.W.2d 632; French v. State, Tex.Cr.App., 484 S.W.2d 716; Hill v. State, 158 Tex.Cr.R. 549, 256 S.W.2d 93.