Richard Howard CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 12-81-0084-CR.

Court of Appeals of Texas, Tyler.

Oct. 28, 1982.

Ronald H. Bartlett, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Nicholas Vincent, John R. Braddock, Asst. Dist. Attys., Houston, for appellee.

McKAY, Justice.

This is an appeal from a conviction for misdemeanor driving while intoxicated. The jury assessed punishment at three days' confinement and a $50.00 fine, and denied probation.

■ Appellant's first ground of error complains that the trial court erred in admitting into evidence the result of a breathalyzer test because the State failed to lay a proper predicate for its admission. Appellant admits that no objection on this ground was made in the trial court, thus if there was error, it was waived. *Woods v. State,* 499 S.W.2d 328, 329 (Tex.Cr.App.1973). Appellant's first ground presents nothing for review, and it is therefore overruled.

■ Appellant's second ground of error complains of the exclusion of certain testimony by appellant's expert, apparently relating to the fallibility of the breathalyzer test. However, we cannot ascertain what the excluded testimony actually would have been because, as appellant admits, he made no proffer of proof or bill of exceptions containing the excluded testimony. We find that nothing has been preserved for review. The rule concerning complaint on appeal of the exclusion of testimony requires a showing in the record what the testimony would have been. *Rumbaugh v. State,* 629 S.W.2d 747, 754 (Tex.Cr.App. 1982); *Chambers v. State,* 568 S.W.2d 313, 327 (Tex.Cr.App.1978). Since no such showing was made here, we find no issue presented for review.

In his third ground of error appellant contends that the failure of the arresting officers to inform him of his statutory right to have a blood test taken deprived him of due process of law under the fifth and fourteenth amendments of the United States Constitution. It is undisputed that appellant was never informed of this right by the police. Article 6701*l*-5, § 1, Vernon's Ann.Civ.Stat. provides in pertinent part:

Any person so arrested [for driving while intoxicated] *may consent* to the taking of any other type of chemical test, or tests, to determine the alcoholic content of his blood . . . .

Section 3(d) of the same article provides:

The person tested *may, upon request* and within a reasonable time not to exceed two hours after the arrest, have a physician, qualified technician, chemist, or registered professional nurse of his own choosing administer a chemical test, or tests, in addition to any administered at the direction of a law enforcement officer. *The failure or inability to obtain* an additional test by a person *shall not preclude* the admission of evidence relating to the test, or tests, taken at the direction of the law enforcement officer. (Emphasis added.)

Simply stated, appellant's contention is that: the statute gives one charged with DWI a right to have a blood test, but the time in which such test must be made is limited to the two-hour period following the arrest. Unless the defendant is timely informed of this right, or is trained in law, this right will be forever lost with the expiration of the two-hour period. Therefore, the police have a constitutional duty to inform one charged with DWI of this right. Appellant cites no authority for this proposition, and we find no cases from the Court of Criminal Appeals recognizing such a duty on the part of the police. The statute itself does not impose such a duty.

■ We note that the statute speaks in permissive terms—a person *"may, upon request"* have a blood test taken. Further, even when such request is properly made, the failure or inability to obtain such a test will not preclude the admission of evidence relating to a breathalyzer test taken at the direction of a law enforcement officer. *Turpin v. State,* 606 S.W.2d 907, 914 (Tex. Cr.App.1980); art. 6701*l*-5, § 3(d), *supra.* If the denial of this statutory right, even

when properly invoked, is not fatal, then the failure to inform appellant of this right can work no greater harm. While we believe the better practice would be for law enforcement officers to routinely inform one arrested for DWI of his statutory right to have a blood test, we do not believe that the failure of the officers so to inform appellant here requires reversal. Appellant's third ground of error is overruled.

■ In his final ground of error, appellant challenges the sufficiency of the evidence to establish the essential element of his intoxication at the time of operating his vehicle. The only material argument advanced under this ground is that, since under the testimony of the officers it could have been up to an hour after appellant's arrest that the breathalyzer test was given, said test did not show intoxication at the time appellant was driving. The result of appellant's breathalyzer test showed an alcoholic content of .12 per cent. Under Art. 6701*l*–5 § 3(a), a result of .10 per cent or more raises the presumption of intoxication, and the jury was so instructed.

The State's expert testified that once alcohol is consumed, a period of thirty minutes to one and one-half hours passes before that alcohol is completely absorbed. Appellant argues that if a person has a drink containing alcohol just prior to his arrest, a breath test at the time of arrest could give a result falling below the statutory level of intoxication, whereas a delay of an hour before the test would allow that drink to be absorbed and thus produce a higher result on the test; perhaps over the statutory level of intoxication.

Appellant's argument might have merit if the breathalyzer results were the only evidence of his intoxication. However, the State also introduced opinion testimony of the arresting officers that appellant was intoxicated at the time of his arrest.

The arresting officers, Hogwood and Farrell, both testified that appellant operated his vehicle "competently." However, after he was out of the car they observed that he had alcohol on his breath, had difficulty focusing his eyes, slurred his speech and swayed to and fro when standing or walking. Hogwood and Farrell were both experienced officers and had on numerous occasions observed intoxicated persons. Based on this experience and their observation of appellant, both officers formed the opinion that appellant was intoxicated at the time of the arrest. This testimony, considered in the light most favorable to the verdict, is alone sufficient to support the finding of intoxication. *Annis v. State,* 578 S.W.2d 406, 407 (Tex.Cr.App.1979); *Whisenant v. State,* 557 S.W.2d 102, 105 (Tex.Cr.App. 1977); *Dorsche v. State,* 514 S.W.2d 755, 757 (Tex.Cr.App.1974).

In *Annis, supra,* the breath test was given one hour and twenty minutes after the arrest, and in *Dorsche, supra,* two hours and fifteen minutes after the arrest. In both cases the evidence consisted of testimony by the arresting officer and the results of a breathalyzer test. In both cases the court held that while the issue of intoxication may have been disputed, the jury, having heard the evidence, resolved the dispute against the defendant. Likewise here appellant disputed the allegation of intoxication, but after hearing sufficient evidence the jury resolved the issues against appellant. Appellant's fourth ground of error is overruled.

The judgment is affirmed.