**Lyn McKINNON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–314–CR.**

Court of Appeals of Texas,
Fort Worth.

May 21, 1986.

James M. Murphy, Dallas, for appellant.

Jerry Cobb, Crim. Dist. Atty., and Jim E. Crouch, Asst., Denton, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

After entering a plea of not guilty, a jury found appellant guilty of the misdemeanor offense of driving while intoxicated and assessed punishment at 30 days confinement in the county jail plus a fine of $1,000. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1986). Judgment was entered in accordance with the jury verdict recommending that both the confinement and fine be probated and that appellant's driver's license not be suspended.

The judgment is affirmed.

Appellant testified that prior to the alleged offense she had drunk two and one-half glasses of wine in the company of a business customer and his partner. She further testified that she began to feel "funny" and decided to go home. Soon after leaving, while driving her car, she "lost touch with everything" and "blacked out." She further testified that in her experience the blackout was not caused by the wine she drank and that she did not put any drug in her drink. She further testified that one of the men poured the wine in a room other than the one occupied by appellant and that if someone had drugged her drink, it was without her knowledge.

One of the State's witnesses testified she was at home when she heard strange car noises and a crash. She and her husband went outside and observed that a car had crashed into their home and was stuck on a pile of dirt. Other witnesses identified appellant as the driver of the car and testified she would at times laugh or giggle and then cry. Further testimony was to the effect that there was a strong odor of alcoholic beverage about the car and her breath. There was a bottle or bottles of wine on the floorboard of the car and appellant was attempting to drive away by spinning the wheels of the car. Witnesses testified appellant was unsteady and required assistance in walking and that her eyes were bloodshot and her speech was slurred. The police officer testified she was unable to recite the alphabet in correct order, was unsure of the city she was in, and when asked which direction she was traveling, she gave three different directions. At the police station appellant fell and refused to submit to a breath test.

In appellant's first ground of error, she alleges the trial court erred in admitting testimony of her refusal to submit to a breath test because she was not given a *Miranda* warning of her right to consult with an attorney prior to making her decision.

The right to counsel attaches only at or after the initiation of adversary judicial proceedings. *See United States v. Gouveia*, 467 U.S. 180, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984). Appellant's right to counsel did not attach until the time the complaint was filed. *See Forte v. State*, 686 S.W.2d 744 (Tex.App.—Fort Worth 1985) (opinion on rehearing), *rev'd*, 707 S.W.2d 89 (Tex.Crim.App., 1986). To require the police officer to advise appellant of her right to counsel, when no such right existed, would result in requiring the officer to perform a useless and needless act. Appellant's first ground of error is overruled.

Ground of error number two alleges error in admitting evidence of appellant's refusal to submit to a breath test because she was not advised of her right to alternative methods of testing her blood-alcohol content. We disagree.

In support of her contention, appellant cites four cases from our sister states, to-wit: *Adams v. Hardison*, 153 Ga.App. 152, 264 S.E.2d 693 (1980); *State v. Carranza*, 24 Wash.App. 311, 600 P.2d 701 (1979);

*State v. Stewart,* 37 Ohio.Misc. 112, 310 N.E.2d 271 (1973); and *Schoultz v. Department of Motor Vehicles,* 89 Wash.2d 664, 574 P.2d 1167 (1977). The *Adams, Carranza* and *Schoultz* cases are distinguishable from the present case in that the statutes of Georgia and Washington provide that the police "shall" inform the offender of the right to a chemical test. The Texas statute makes no such affirmative and mandatory requirement. The *Stewart* case is also distinguishable from the instant case in that the police failed to inform the person arrested of the consequences of his refusal to submit to the test. Appellant was informed of the consequences of her refusal to take the test.

 Appellant also cites *Crawford v. State,* 643 S.W.2d 178, 179 (Tex.App.—Tyler 1982, no pet.) which held that there is no duty of the police to advise the suspected offender of his right to a blood test since art. 6701*l*–5 spoke in permissive terms and provided that failure to obtain an additional test shall not preclude the admission of the results of the test administered. Appellant argues that *Crawford* is distinguishable from the instant case in that this is a "refusal" case and *Crawford* was one in which the breath test was administered. Again, we disagree.

Contrary to appellant's allegation, the statute does not provide for an *alternate* test but an *additional* test. Section 3(d) of art. 6701*l*–5 provides that a person who gives a specimen of his breath, blood or urine, or other bodily substance may have an analysis of his blood made by a physician of his choice *in addition* to the specimen given at the direction of the officer. Since the appellant did not submit to the test, there was no right of an independent analysis by a physician of her choice. If, as held in *Crawford,* the officer is not required to advise the person giving a breath specimen of his right to an additional test, then certainly there was no requirement to advise appellant of her right to an *additional* test under circumstances where she had given no specimen at all. Appellant's second ground of error is overruled.

 Appellant's third ground of error asserts that the trial court erred in refusing a charge on involuntary intoxication. Appellant cites the case of *Torres v. State,* 585 S.W.2d 746 (Tex.Crim.App.1979) to support her argument.

*Torres* sets out a two-prong test:

(1) the accused has exercised no independent judgment or volition in taking the intoxicant; and

(2) as a result of his intoxication the accused did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

*Id.* at 749. In *Torres* there was testimony that another person put Thorazine, a drug, in the defendant's nonalcoholic drink without her knowledge. Here there is no evidence of any drug having been added to appellant's wine and no testimony that appellant did not voluntarily consume the wine.

The only other evidence in the record to which appellant cites as supporting such a charge is that heretofore recounted, plus testimony that appellant would not have conducted herself as described by the State's witnesses as a result of consuming only two and one-half glasses of wine. We hold that the evidence presented did not meet the first prong of *Torres* and does not support a charge on involuntary intoxication. Appellant's third ground of error is overruled.

The judgment is affirmed.