The STATE of Texas, Appellant,

v.

Thomas Michael LYONS, Appellee.

No. 2–88–021–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 27, 1991.

Bruce Isaacks, Dist. Atty., Denton, for appellant.

Fred Marsh, Denton, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION ON REMAND

WEAVER, Chief Justice.

This case involves an appeal by the State from the trial court's grant of a new trial to appellee, Thomas Michael Lyons ("Lyons"), following his conviction of driving while intoxicated. Lyons urged three grounds in support of his motion for new trial. The trial court granted his motion without specifying upon which ground or grounds the same was granted. The State appeals, attacking the granting of the motion for new trial by three points of error, each related to one of the grounds urged in the motion for new trial. We reverse.

On our initial disposition of this matter, we held that the trial court did not abuse its discretion in granting a new trial based on Lyons' contentions regarding the State's failure to videotape him following his arrest. In so holding, we in effect overruled the State's second point of error, which related to the second ground urged by Lyons on his motion for new trial, and affirmed the trial court's order granting a new trial. *State v. Lyons*, 785 S.W.2d 946 (Tex.App.—Fort Worth 1990). Our holding on that point was reversed by the Court of Criminal Appeals and the case was remanded to us to resolve points of error one and three which were unanswered on the original submission. *State v. Lyons*, 812 S.W.2d 336 (Tex.Crim.App.1991).

Under its first point of error, the State claims that the trial court abused its discretion in granting a new trial based on the first ground contained in Lyons' motion for new trial, and by which Lyons contends that by charging the jury in the alternative the trial court removed from the State the burden of proving each and every element contained in the information beyond a reasonable doubt. By its third point of error, the State claims that the trial court abused its discretion in granting a new trial based on Lyons' third ground for new trial, by which he complains of the failure of the officer to inform Lyons of his right to have a blood test. The trial court did not specify upon which ground or grounds the new trial was granted. Accordingly, we conclude that we must affirm the trial court's order on this remand if we determine that the court acted within its discretion in granting the motion under either the first or third grounds which Lyons urged in his motion for new trial.

In its original brief to this court, the State relied upon cited case law to show that there was no error present to justify a new trial under any of the grounds raised by Lyons in his motion for new trial. At the submission on remand, the State submitted only a supplemental letter brief, citing additional authority with respect to its point of error number three, but submitted no further argument respecting either of its points one and three. Lyons, by his supplemental brief on remand, does not specifically address either of the points of error one and three, and argues only generally that the trial court's action in granting a new trial should not be disturbed absent a showing of a clear abuse of discretion and that such error is not shown from the record before us.

In light of our instructions from the Court of Criminal Appeals, we now address the State's first point of error to determine if the trial court abused its discretion in granting Lyons' motion for new trial, assuming that the new trial was granted on Lyons' first ground. By that ground, Lyons contended that the court misdirected the jury as to the law in that the charge of the trial court relieved the State of its burden of proving each and every element in the information. The pertinent portion of the information reads as follows:

[S]aid defendant did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol into the defendant's body **and** said defendant had an alcohol concentration of at least 0.10 grams of alcohol per 210 liters of breath; ... [Emphasis added.]

"Intoxication" under the applicable statute is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol ...; **or** having an alcohol concentration of 0.10 or more." TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(a)(2)(A), (B) (Vernon Supp.1991) (emphasis added). The trial court instructed the jury that in order to find Lyons intoxicated, they "must find beyond a reasonable doubt ... that [Lyons] had lost the normal use of his mental and physical faculties due to the introduction of alcohol into his body; **or in the alternative,** ... had an alcohol concentration of 0.10 or more...." [Emphasis added.] The jury returned a general verdict finding Lyons guilty as charged.

■ It is proper for an indictment to allege different ways of committing an offense in the conjunctive and for the jury to be charged disjunctively. *Vasquez v. State,* 665 S.W.2d 484, 486 (Tex.Crim.App. 1984) (Opinion on Appellant's Petition for Discretionary Review). The statutory definition of intoxication provides two means of proving that a defendant is intoxicated, but only one act is proscribed: driving while intoxicated. *See Sims v. State,* 735 S.W.2d 913, 914 (Tex.App.—Dallas 1987, pet. ref'd). Proof of either means is sufficient to sustain Lyons' guilt absent an objection to the charge based upon insufficient evidence or a motion to force the State to elect. *Vasquez,* 665 S.W.2d at 487; *Forte v. State,* 686 S.W.2d 744, 755–56 (Tex.App.—Fort Worth 1985), *rev'd on other grounds,* 707 S.W.2d 89 (Tex.Crim.App. 1986). In the instant case, Lyons failed to object to the charge based on insufficiency of the evidence or to file a motion to force the State to elect. His motion for new trial does not challenge the sufficiency of the evidence. If the trial court based its decision to grant a new trial on Lyons first ground contained in his motion for new trial, the trial court clearly abused its discretion. We sustain the State's first point of error.

■ We next address the State's third point of error to determine if the trial court abused its discretion in granting the new trial, assuming that the new trial was granted on Lyons' third ground. By that ground, Lyons contended that the verdict was contrary to the law and evidence in that the jury failed to disregard certain evidence, as they were instructed to do if they found the law was violated by the officer's failure to warn appellant of his right to have a blood test. There is no requirement that a suspected offender be advised of the right to have a blood test performed in order for the results of a breath test to be admissible. *See Hewitt v. State,* 734 S.W.2d 745, 750 (Tex.App.—Fort Worth 1987, pet. ref'd); *McKinnon v. State,* 709 S.W.2d 805, 807 (Tex.App.—Fort Worth 1986, no pet.); *Crawford v. State,* 643 S.W.2d 178, 179 (Tex.App.—Tyler 1982, no pet.). If the trial court based its decision to grant Lyons a new trial on his third ground, the trial court clearly abused its discretion. We sustain the State's third point of error.

■ In deciding this case, we are not unmindful of the holding in *State v. Gonzalez,* 820 S.W.2d 9 (Tex.App.—Dallas, 1991). We read the opinion by the court of appeals in that case as holding that the list of circumstances under which the trial court must grant a motion for new trial, as contained in TEX.R.APP.P. 30(b), is not exclusive, and that in criminal cases a trial court may, in its discretion, grant a new trial in the interest of justice, apparently on any ground that justice requires. *State v. Gonzalez,* 820 S.W.2d at 11–12 (Tex.App.—Dallas 1991). However, we are not here called upon to decide whether a motion for new trial in a criminal case must be couched in the terms expressly authorized by rule 30(b). Lyons concedes that the only grounds for new trial presented in this case fall within the scope of that rule. He did not urge at the trial court, and does not here urge, that the new trial was granted in the interest of justice or on any other

ground that justice requires, independently of the grounds which he asserted under rule 30(b).

Having sustained the State's points of error one and three, the order granting Lyons' motion for new trial is vacated, and the cause is remanded to the trial court for entry of a judgment of conviction in accord with the verdict.