# NO. 12-07-00318-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AVRETT O'LYNN BRADLEY, JR.,* <br> *APPELLANT* | § | *APPEAL FROM THE 188TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

### MEMORANDUM OPINION

Avrett O'Lynn Bradley, Jr. appeals his convictions for murder and aggravated assault, for which he was sentenced to imprisonment for fifty years and a $2,000 fine for each offense. Appellant raises five issues on appeal. We affirm.

### BACKGROUND

Appellant was involved in a tumultuous relationship with Sonya Howard. Late one night, the discord between the two escalated, and, according to Howard, Appellant threw a brick through the window of Howard's rental vehicle. Howard, who was in the rental vehicle with some friends and her two young children, went to Good Shepherd Medical Center in Longview for examination and treatment. Upon their arrival at Good Shepherd, Howard's friends told two off duty police officers about the incident.

Meanwhile, Appellant picked up his ex-girlfriend from her job at Wal-Mart. He told her that he had thrown a brick at Howard and that he wanted to go to the hospital to determine the extent of her injuries. However, when the two arrived at Good Shepherd and saw police officers in the parking lot, Appellant left. As Appellant drove away, one of the off duty police officers spotted

Appellant and provided dispatch with a description of Appellant's vehicle and his direction of travel.

Officer Clay Steelman saw Appellant's vehicle and turned his patrol vehicle around to initiate a stop. Once Steelman began pursuing Appellant, Appellant increased his speed and led Steelman and, later, Officer Paul Hickey on a car chase for several miles through Longview. During the chase, Appellant's vehicle reached speeds of more than ninety miles per hour. Eventually, Sergeant Toby Laughlin instructed Steelman and Hickey to suspend their pursuit of Appellant.

Even after Steelman and Hickey proceeded to terminate their pursuit, Appellant continued driving at an excessive rate of speed. Appellant drove for approximately one-half mile further and collided with a vehicle driven by Doris Owens.[1] Owens was severely injured in the accident. Her ten year old granddaughter, Lanaysha Williams, died as a result of the injuries she sustained in the accident.

Appellant was charged by indictment with murder and manslaughter with regard to Williams, one count of aggravated assault with regard to Owens, and another count of aggravated assault with regard to Howard. Appellant pleaded "not guilty," and the case proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" of murder and, further, found that Appellant used or exhibited a deadly weapon during the commission of the murder. The jury also found Appellant "guilty" of aggravated assault with regard to Owens. Following a trial on punishment, the jury assessed Appellant's punishment at imprisonment for fifty years and a $2,000 fine for each conviction. The trial court sentenced Appellant accordingly, and this appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first, second, and third issues, Appellant contends that the evidence was legally and factually insufficient to support his conviction. Specifically, Appellant argues that the evidence is insufficient to establish that he was in immediate flight from the offense of evading arrest at the time of the accident, that he caused Williams's death, or that he committed aggravated assault against Owens.

---

[1] There was conflicting evidence concerning whether the traffic light was red or yellow when Appellant entered the intersection.

**Standard of Review**

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the jury's verdict. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

In reviewing factual sufficiency, we consider all the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to disprove that fact. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the fact finder's determination, even if probative evidence exists that supports the verdict, *see Clewis*, 922 S.W.2d at 133, our evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. Where there is conflicting evidence, the verdict on such matters is generally regarded as conclusive. *See Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.– El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Watson v. State,* 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (evidence is factually insufficient only when reviewing court objectively concludes that the great weight and preponderance of the evidence contradicts the verdict).

Under either the legal sufficiency or factual sufficiency standard, our role is that of appellate review, and the fact finder is the sole judge of the weight and credibility of a witness's testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000). The fact finder may choose to

believe all, some, or none of a witness's testimony. ***Sharp v. State***, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id.*** The use of the hypothetically correct jury charge applies to review for both legal and factual sufficiency. *See **Wooley v. State***, No. PD-0861-07, 2008 WL 2512843, at *1 (Tex. Crim. App. Jun. 25, 2008).

As limited by the indictment, a person commits the offense of murder by (1) committing or attempting to commit a felony, other than manslaughter, and (2) in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual. *See* TEX. PENAL CODE ANN. § 19.02(b)(3) (Vernon 2003). Further, as limited by the indictment, a person commits the offense of aggravated assault by intentionally, knowingly, or recklessly causing bodily injury to another while using or exhibiting a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 2008).

## Legal Sufficiency

With respect to his legal sufficiency argument, Appellant evaded arrest when he intentionally fled by car from Steelman and Hickey, who were seeking to lawfully detain him. *See* TEX. PENAL CODE ANN. § 38.04(a) (Vernon 2003). By so doing, Appellant committed a felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(1) (Vernon 2003). Steelman and Hickey proceeded to terminate their pursuit of Appellant approximately one-half mile before Appellant struck Owens's vehicle. Even so, Appellant's ex-girlfriend, who had frantically tried to get Appellant to slow down the vehicle, testified that Appellant wanted to get to his mother's house in Lakeport and, thus, was determined not to slow down to a reasonable speed. The record further reflects that, even after leaving tire skid marks for one hundred eighty-six feet, Appellant's vehicle was traveling at a speed of approximately forty-four miles per hour at the time it struck Owens's vehicle. Moreover, Freddi Gabriel, who witnessed the accident, testified that Appellant ran a red light when he entered the intersection and

4

collided with Owens's car. Williams's treating doctors and the medical examiner testified that Williams died from blunt force trauma resulting in severe injury to the brain consistent with injuries commonly suffered in a motor vehicle accident. Owens testified that she sustained two broken arms and two broken legs as a result of the accident and that these injuries were extremely painful.

Appellant first argues that the Longview police officers' pursuit of him was not justified because the jury failed to find Appellant "guilty" of aggravated assault with regard to Howard. The record reflects that the Longview Police Department has an internal policy that it will not pursue persons attempting to evade arrest unless their suspected crime is a felony or driving while intoxicated. However, Appellant ignores two important points. First, Howard stated that Appellant threw a brick through her car window and that she was at Good Shepherd being examined for her injuries. As such, the officers had probable cause to believe a felony had been committed. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). Second, once the officers signaled to Appellant to stop, he was required by law to comply. *See* TEX. TRANSP. CODE ANN. § 545.421(a) (Vernon 1999). When Appellant fled in his vehicle from the officers seeking to detain him, he committed a felony. *See* TEX. PENAL CODE ANN. §§ 38.04(a), (b)(1); ***Brooks v. State***, 76 S.W.3d 426, 434 (Tex. App.–Houston [14th Dist.], no pet.). Thus, assuming arguendo that the Longview Police Department's internal policies are material to the issue of whether Appellant committed murder, we conclude that the officers' pursuit of Appellant was justified in light of such policies.

Appellant further argues that he was no longer fleeing at the time of the accident and, thus, was not committing the offense of evading arrest at that time. Once an officer gives up the pursuit, the suspect is no longer evading arrest; he has evaded arrest. ***Hobbs v. State***, 175 S.W.3d 777, 780 (Tex. Crim. App. 2005). Although his fugitive status continues, the active commission of the crime of evading arrest has been completed. *See **id.*** Here, Appellant does not challenge that he was evading arrest or detention while the police were pursuing him. After the police proceeded to terminate their pursuit of Appellant, the evidence reflects that Appellant continued to drive at an excessive rate of speed, ran a red light, and collided with Owens's vehicle approximately one-half mile from Hickey's location. Hickey testified that he could see headlights spinning as he waited to

5

turn his patrol vehicle in the opposite direction.[2]  Appellant contends that the notion of flight from an offense, the essence of which is flight, is a "logical absurdity."  Yet in **Hobbs**, the court of criminal appeals distinguished between a suspect who is actively evading arrest and one who has evaded arrest, but is still a "fugitive," who is no longer actively pursued.  *See id.*  Use of the word "fugitive" in a criminal context implies "flight . . . from arrest."  BLACK'S LAW DICTIONARY, 671 (6th ed. 1990).  Thus, the court of criminal appeals has recognized that a suspect can continue his flight even after he has successfully evaded arrest.  *See **Hobbs***, 175 S.W.3d at 780.  Therefore, we hold that the jury could reasonably find that Appellant was in immediate[3] flight from the offense of evading arrest or detention when the accident occurred.

Finally, Appellant argues that he cannot be guilty of murder because Williams was not properly secured in the vehicle.  The record reflects that Williams was wearing a seatbelt, but that her seat was reclined because she wanted to sleep during the drive.  The record also indicates that Williams was riding in the front rather than the back seat.  Texas Penal Code, section 6.04(a) provides that a "person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor was clearly insufficient."  TEX. PENAL CODE ANN. § 6.04(a).  The existence or nonexistence of such a causal connection is normally a question for the jury's determination.  **Dorsche v. State**, 514 S.W.2d 755, 757 (Tex. Crim. App. 1974); **Hale v. State**, 194 S.W.3d 39, 42 (Tex. App.–Texarkana 2006, no pet.).  The Texas Court of Criminal Appeals has held that the "but for" causal connection in section 6.04(a) must be established between the defendant's conduct and the resulting harm.  **Robbins v. State**, 717 S.W.2d 348, 351

---

[2] Hickey testified concerning the process he undertakes to terminate a pursuit.  Specifically, Hickey stated that in terminating a pursuit, he typically turns off the patrol vehicle's overhead lights and siren and turns the vehicle in a different direction of travel to indicate to the suspect that he is no longer pursuing him.  We note that the record reflects that Hickey had turned off his siren and overhead lights, but had not completed changing his vehicle's direction of travel at the time he observed the accident.  Thus, there is some evidence that he had not completed the procedure for termination of his pursuit of Appellant at the time of the accident.

[3] *See, e.g., **Thomas v. State***, 708 S.W.2d 580, 581 (Tex. App.–Eastland 1986, pet. ref'd) (The flight was sufficiently "immediate" because the theft, detention, and assaultive conduct all occurred within thirteen to twenty minutes, in the same building and without the intervention of any other events.).  In the instant case, based on the testimony concerning the short distance traveled and high rate of speed, it reasonably follows that the accident occurred while Appellant's flight was still "immediate."

(Tex. Crim. App. 1986). If concurrent causes are present, two possible combinations exist to satisfy the "but for" requirement: (1) the defendant's conduct may be sufficient by itself to have caused the harm, regardless of the existence of a concurrent cause; or (2) the defendant's conduct and the other cause together may be sufficient to have caused the harm. *Id.* However, section 6.04(a) further defines and limits the "but for" causality for concurrent causes by the last phrase, "unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." *Id.* If the additional cause, other than the defendant's conduct, is clearly sufficient, by itself, to produce the result and the defendant's conduct, by itself, is clearly insufficient, then the defendant cannot be convicted. *Id.* Applying section 6.04(a) to the facts of this case, we hold that Appellant is criminally responsible because his conduct and the other cause he notes in his brief—Williams's riding in the front seat in a reclined position—together were sufficient to cause her death, and Williams's conduct alone was not sufficient to cause her death.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury could have reasonably determined that Appellant (1) committed an act clearly dangerous to human life by disregarding a traffic control device while operating a motor vehicle at an unsafe speed, and (2) struck the vehicle that Owens was driving and in which Williams was a passenger, thereby causing Williams's death (3) while he was in immediate flight from committing the felony of evading arrest. Furthermore, the jury could have reasonably determined that Appellant intentionally, knowingly, or recklessly caused bodily injury to Owens while using his vehicle as a deadly weapon. Therefore, we hold that the evidence is legally sufficient to support the jury's verdict.

**Factual Sufficiency**

A review of all of the evidence without the light most favorable to the verdict reveals some evidence that is contrary to the verdict. Specifically, in addition to the arguments discussed above, Appellant contends that his own testimony as well as that of a disinterested witness, Joe Mitchell, supports that the traffic signal was not red when Appellant entered the intersection. Thus, according to Appellant, he did not cause the accident.

We remain mindful that we must consider this evidence in the context of the record as a whole. *See Santellan*, 939 S.W.2d at 164. Generally, it is the jury's role to determine the weight

7

that is to be afforded to a witness's testimony and to resolve any conflicts in the evidence. *See Wesbrook*, 29 S.W.3d at 111; *see also Watson*, 204 S.W.3d at 409 (Texas Code of Criminal Procedure, articles 36.13 and 38.04 are often cited for the proposition that jury verdicts should not ordinarily be disturbed when supported by competent evidence, but criminal appellate courts in Texas have never interpreted them to wholly prohibit the limited factual review that is otherwise inherent in their appellate jurisdiction.). In the instant case, the jury was entitled to believe Gabriel's testimony that the light was red and disbelieve Appellant's and Mitchell's testimony that the light was not red. The jury was entitled to also consider the testimony of Appellant's ex-girlfriend, who stated that Appellant was driving very fast, that she was extremely scared for her life and for the lives of others, and that she could not get Appellant to slow down because he wanted to reach his mother's house in Lakeport. Appellant's conduct supports that Appellant committed an act clearly dangerous to human life that caused Williams's death while he was in immediate flight from evading arrest and, further, that he intentionally, knowingly, or recklessly caused bodily injury to Owens while using his vehicle as a deadly weapon.

Based on our review of the record as a whole, we conclude that the issues raised by Appellant are not so troubling as to cause us to conclude that the great weight and preponderance of the evidence contradicts the jury's verdict or that the guilty verdict is "clearly wrong" or "manifestly unjust." *See Watson*, 204 S.W.3d at 417. Therefore, we hold that the evidence is factually sufficient to support the jury's verdict.

Appellant's first, second, and third issues are overruled.


### LESSER INCLUDED OFFENSE

In his fourth issue, Appellant argues that the trial court improperly refused his request to charge the jury concerning the lesser included offense of criminally negligent homicide. An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt

to commit the offense charged or an otherwise included offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *see also* **Hall v. State**, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007). Furthermore, to be entitled to a charge instruction on a lesser included offense, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *See* **Moreno v. State**, 702 S.W.2d 636, 640 (Tex. Crim. App. 1986).

Criminally negligent homicide is a lesser included offense of felony murder when (1) the intended felony is other than an underlying assaultive offense, and (2) the facts of the case warrant the submission of the offense. *See* **Kuykendall v. State**, 609 S.W.2d 791, 797–98 (Tex. Crim. App. [Panel Op.] 1980), *overruled on other grounds*, **Cook v. State**, 858 S.W.2d 467, 469–70 (Tex. Crim. App. 1993); **Mackey v. State**, 811 S.W.2d 643, 645 (Tex. App.–Waco 1991, pet. ref'd).

Here, based on the allegations in the indictment pertaining to felony murder,[4] and considering that evading arrest or detention is not an assaultive offense, we conclude that criminally negligent homicide is a lesser included offense of felony murder. *See* **Mackey**, 811 S.W.2d at 645. Thus, we next consider whether there is evidence in the record to support that if the defendant is guilty, he is guilty of only the lesser offense. *See* **Moreno**, 702 S.W.2d at 640. Criminally negligent homicide requires proof that the defendant acted with criminal negligence, that is, that he ought to have been aware of a substantial and unjustifiable risk that the result would occur. *See* TEX. PENAL CODE ANN. §§ 6.04(d), 19.05(a) (Vernon 2003).

Appellant argues that the following testimony he offered at trial entitled him to the submission of a charge on criminally negligent homicide:

> Q.  [Appellant], during the entire time that you're running from the police, from the time that the chase stopped or the accident happened, did it ever occur to you that anything you were doing could be dangerous to somebody else?
>
> A.  Yes. I was just scared, man. I --
>
> Q.  Did you consciously think, "What I'm doing is putting other people at risk?" Did you ever have that thought go through your mind?

---

[4] In applying the first step of the lesser included offense analysis, we do not consider the evidence that was presented at trial. *See* **Hall**, 225 S.W.3d at 536. Instead, we consider only the statutory elements of felony murder as they were modified by the particular allegations in the indictment. **Id.**

A.  No, sir.

Q.  Looking back on it, that's probably something that should have occurred to you?

A.  Yes, sir, it is.

Q.  Okay.  But during the entire time, it really didn't, did it?

A.  No, sir.

Evidence that Appellant drove his car at a high rate of speed and disregarded a traffic control device was required to demonstrate that Appellant committed an act clearly dangerous to human life.  *See* TEX. PENAL CODE ANN. § 19.02(b)(3).  But whether Appellant was aware of a substantial and unjustifiable risk associated with his actions is not a fact required to prove the offense of felony murder.  *See **Rodriquez v. State***, 548 S.W.2d 26, 28–9 (Tex. Crim. App. 1977) (The culpable mental state for felony murder is supplied by the mental state accompanying the underlying committed or attempted felony giving rise to the offense.); ***Mackey***, 811 S.W.2d at 645.  Therefore, Appellant's testimony does not permit a rational jury to find that Appellant was guilty of only criminally negligent homicide because, even assuming the jury believed Appellant's testimony that he was not cognizant of the risk associated with his actions, it could still find him guilty of felony murder.  Accordingly, we hold that the trial court was not required to submit a charge on criminally negligent homicide.  Appellant's fourth issue is overruled.

## CONCURRENT CAUSATION

In his fifth issue, Appellant argues that the trial court committed reversible error when it refused to submit a concurrent causation instruction in the charge.  Specifically, Appellant contends that Owens's placing Williams in the front seat and allowing her to recline her seat is evidence of concurrent cause with regard to the murder charge.  Further, Appellant contends that Owens's allegedly running the red light is evidence of concurrent cause with regard to the aggravated assault charge.

In criminal jury trials, the trial court must deliver "a written charge distinctly setting forth the law applicable to the case."  TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007).  Because the charge instructs the jury on the law applicable to the case, it must contain an accurate statement of

10

the law and set out all essential elements of the offense. ***Dinkins v. State***, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). A defendant must be given an opportunity to examine the charge and object to any errors of commission or omission. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14.

Where an appellant has properly preserved an issue for review, we must ascertain if error actually occurred. *See* ***Posey v. State***, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). If error occurred and was properly preserved, reversal is required if the error was calculated to injure the rights of the defendant. ***Almanza v. State***, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). In other words, an error that has been properly preserved will require reversal only if the error is not harmless. ***Id.***

In the instant case, Appellant failed to request that the trial court include an instruction on concurrent causation. When an error has not been properly preserved, we review the asserted error, but we will not reverse unless the error was so egregious and created such harm that the appellant was denied a fair trial. *See* ***Warner v. State***, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008); ***Posey***, 966 S.W.2d at 61 n.9; ***Almanza***, 686 S.W.2d at 171. Burdens of proof and persuasion have no place in a harm analysis conducted under ***Almanza***. ***Warner***, 245 S.W.3d at 464. Rather, the appellate court evaluates the issue of harm "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." ***Olivas v. State***, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); ***Almanza***, 686 S.W.2d at 171. The appellant must have suffered actual, rather than theoretical, harm. ***Warner***, 245 S.W.3d at 461. Errors that result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. ***Id.*** at 461–62.

To support a finding of concurrent cause, the evidence must enable the jury to find that the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient. *See* TEX. PENAL CODE ANN. § 6.04(a). Appellant argues that he was denied the opportunity for the jury to consider in its deliberations Owens's culpability in her failure to follow the seatbelt requirements as well as the requirement that the child be seated in the back seat. The record indicates that Appellant sought to elicit facts from various witnesses to support a theory that he was not solely to blame for causing the collision at issue. Yet under the facts of the case at hand, even were we to assume that Appellant was entitled to an instruction on concurrent causation, the

11

error does not constitute egregious harm. At trial, Appellant had a choice concerning how to argue his case to the jury—he could either make no reference to Owens's potential blameworthiness as a cause of the accident or he could affirmatively convey to the jury that Owens was not to blame for causing the accident. Appellant chose the latter trial tactic and argued to the jury that Owens was not to blame. Thus, Appellant, by virtue of his final plea to the jury, sought to contradict the theory of concurrent causation rather than merely disregard it. Because Appellant ultimately argued that no such concurrent cause existed, we cannot conclude that the trial court's failure to instruct the jury sua sponte on concurrent cause resulted in such harm to Appellant that he did not receive a fair and impartial trial. Therefore, we hold that the trial court's omission from its charge of an instruction on concurrent causation was not reversible error. Appellant's fifth issue is overruled.

## DISPOSITION

Having overruled Appellant's five issues, we ***affirm*** the trial court's judgment.

BRIAN HOYLE

Justice

Opinion delivered January 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

12