Donald Dwayne **MACKEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–89–124–CR.

Court of Appeals of Texas, Waco.

May 16, 1991.

Discretionary Review Refused Sept. 25, 1991.

Steven R. Rosen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Harvey Hudson, Asst. Dist. Atty., Houston, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Donald Mackey challenges his felony murder conviction for which he was assessed ninety-nine years in prison. He claims that (1) there is insufficient evidence in the record to show that he committed an act clearly dangerous to human life *during the course of or in furtherance of the commission of a felony,* and (2) the court erred in failing to instruct the jury on the lesser included offenses of involuntary manslaughter and criminally negligent homicide. We overrule all of Appellant's points.

At approximately 9:30 p.m. in June 1988, Maggie Hughes stopped at a Houston Texaco gas station to buy a cold drink. She left her six-year-old daughter, Danielle, and her infant daughter, Kanditz, in her car while she went in the station. As she was making her purchase, she saw Appellant jump into her car and drive away. Danielle jumped out of the car when it slowed down. Appellant testified that he did not realize that a baby was in the front seat until about thirty minutes later when he was across town from the Texaco station. He stopped the car, removed the infant seat holding the baby, and placed it about three feet from the side of the road. After he removed the baby, he knocked on the side of a nearby house and ran back to the car. Appellant then went to his brother's house and gave his sister-in-law bags of baby items that he had found in the car. A City of Houston employee discovered the baby the following day. She had died from exposure and dehydration.

■ Appellant's first point concerns the sufficiency question. Section 19.02(a)(3) of the Penal Code provides:

(a) A person commits an offense if he:

. . . . .

(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

TEX.PENAL CODE ANN. § 19.02(a)(3) (Vernon 1989). Appellant claims that the evidence is insufficient because the act of leaving the baby on the side of the road occurred after the felony was complete. The indictment charged Appellant with committing this act while in the course of and in furtherance of the commission of the felony offense of unlawful use of a motor vehicle.

A person commits an unauthorized use of a motor vehicle if he "intentionally or

knowingly *operates* another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX.PENAL CODE ANN. § 31.07 (Vernon 1989) (emphasis added). Appellant's brief treats the underlying offense as though it were theft, asserting that because he had already stolen the car the commission of the offense was complete and the act of leaving the baby could not have occurred during the course of the underlying offense. The baby was in the car when Appellant began operating Mrs. Hughes's vehicle, and Appellant continued to operate it after he left the baby. Leaving the baby furthered Appellant's use of the vehicle because he then did not have to contend with the baby and because the baby's presence could not assist law enforcement officers in identifying him.

Viewing the evidence in the light most favorable to the verdict, we hold that any rational trier of fact could have found that he left the baby during the course of and in furtherance of his unauthorized use of Mrs. Hughes's vehicle. *See Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App. 1989). We overrule point one.

■ Appellant maintains that, under state and federal law, the court should have instructed the jury on the lesser included offenses of involuntary murder and criminally negligent homicide. *See* TEX.PENAL CODE ANN. §§ 19.05, 19.07 (Vernon 1989). He argues that, because he did not intend for the baby to die, the court should have instructed the jury on these lesser included offenses. Appellant's intent, however, insofar as the baby's death is concerned, is immaterial. In *Rodriquez v. State,* the court stated:

> Thus, the culpable mental state for the act of murder is supplied by the mental state accompanying the underlying committed or attempted felony giving rise to the act. The transference of the mental element establishing criminal responsibility for the original act to the resulting act conforms to and preserves the traditional mens rea requirement of the criminal law.

*Rodriquez v. State,* 548 S.W.2d 26, 28–29 (Tex.Crim.App.1977). Therefore, the mens rea necessary for unauthorized use of a motor vehicle—intentionally or knowingly operating another's ... vehicle without the effective consent of the owner—became the mens rea necessary for murder. *See* TEX.PENAL CODE ANN. § 31.07 (Vernon 1989). No evidence was presented showing that Appellant did not intend to operate Mrs. Hughes's car without her effective consent. In fact, Appellant readily admitted that he took Mrs. Hughes's car without her permission.

■ Appellant's reliance on *Kuykendall v. State* is misplaced. *See Kuykendall v. State,* 609 S.W.2d 791, 796 (Tex.Crim.App. [Panel Op.] 1980). While *Kuykendall* holds that criminally negligent homicide is a prospective lesser included offense of felony murder when the intended felony is other than an underlying assaultive offense, the facts of each case determine whether the lesser offense should be included in the charge to the jury. *See id.* Just as the facts in *Kuykendall* did not raise criminally negligent homicide as a lesser included offense, the facts in this case did not warrant the submission of criminally negligent homocide or involuntary manslaughter to the jury as lesser included offenses. A defendant is entitled to an instruction on a lesser included offense if the evidence from any source raises the issue. *Id.* at 797. Appellant was guilty of felony murder if the evidence showed he (1) intentionally or knowingly operated Mrs. Hughes's car without her effective consent and, (2) in the course and in furtherance thereof, committed an act clearly dangerous to human life that caused the death of the baby. *See* TEX.PENAL CODE ANN. § 19.02(a)(3) (Vernon 1989). Because no evidence from any source raised any offense other than felony murder, the court was not required to submit a charge on any other offense. *See id.* We overrule Appellant's points two and four.

■ Appellant cites *Cordova v. Lynaugh* as authority for the proposition that federal due process required submission of the requested charges on the lesser includ-

ed offenses of criminally negligent homocide and involuntary manslaughter. *See Cordova v. Lynaugh*, 838 F.2d 764 (5th Cir.), cert. denied, 486 U.S. 1061, 108 S.Ct. 2832, 100 L.Ed.2d 932 (1988). Again, his reliance is misplaced because the federal standard is "that a lesser included offense instruction should be given 'if the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater.'" *See Cordova*, 838 F.2d at 767. Because the federal standard is very similar to the state standard and because the evidence did not raise the possibility of guilt of the offenses of criminally negligent homicide or involuntary manslaughter, failure to charge on any other offense did not violate any of Appellant's constitutional rights. *See id.; Reddix v. Thigpen*, 805 F.2d. 506, 512 (5th Cir.1986), cert. denied, 469 U.S. 990, 105 S.Ct. 397, 83 L.Ed.2d 331 (1984). We overrule points three and five.

We affirm the judgment.

Affirmed.