**Dinario JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–01–00196–CR.

Court of Appeals of Texas,
Tyler.

Aug. 14, 2002.

Discretionary Review Refused
Jan. 22, 2003.

Linda A. Altier, Tyler, for Appellant.

Edward J. Marty, Tyler, for State.

Panel consisted of WORTHEN, J., and GRIFFITH, J.

SAM GRIFFITH, Justice.

Dinario Jones ("Appellant") appeals his conviction for murder, for which he was sentenced to imprisonment for forty years. Appellant raises four issues on appeal. We affirm.

## BACKGROUND

Appellant confessed to setting fire to Beth Little's ("Little") house after he burgled it.[1] In his confession, Appellant stated that he set fire to a bed sheet to conceal the burglary, but did not know if the fire burned the house because it was a small fire when he left the scene. Ultimately, the fire spread and the resulting smoke killed Little's neighbor, Shelly Haynes, and her daughter, Hanna Haynes.

Appellant was indicted for felony murder. He pleaded "not guilty," and the matter proceeded to trial by jury. At trial, Appellant called his aunt, Janitha Warren ("Warren"), as his only defense witness. Warren testified that she had seen Appellant in his bed asleep at the time the fire started. During its cross examination, the State of Texas (the "State") asked Warren if she had ever been convicted of any misdemeanor thefts. Warren responded that she had been twice convicted of misdemeanor theft, once in Smith County and once in Dallas County, Texas. After Appellant's redirect examination, Appellant, at a bench conference, requested that the trial court instruct the jury that it not consider these convictions, which were more than ten years old. Appellant also requested a mistrial. The court gave an instruction as requested, but denied Appellant's motion for mistrial.

Following the conclusion of evidence, Appellant objected to the court's charge and requested that the offenses of manslaughter and criminally negligent homicide, which Appellant argued were each lesser included offenses of felony murder, be submitted. The trial court denied Appellant's request, the parties proceeded with argument, and the case was submitted to the jury. Ultimately, the jury found Appellant guilty as charged and sentenced him to imprisonment for forty years. Upon the State's motion, the trial court ordered that Appellant's forty-year sentence run consecutive to the seventy-year sentence Appellant had received for the arson of Little's home in a trial conducted more than five months earlier.

## IMPROPER IMPEACHMENT—PRIOR CONVICTIONS

In his first issue, Appellant contends that the trial court committed reversible error by denying his motion for mistrial following the State's questioning of Warren regarding prior convictions for misdemeanor theft. The denial of a motion for mistrial is reviewed under the standard of abuse of discretion. *See Trevino v. State*, 991 S.W.2d 849, 851 (Tex. Crim.App.1999). A trial court does not abuse its discretion when its decision is at least within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990).

---

1. Appellant was previously convicted for arson arising from these same facts in cause number 007–0936–00.

Appellant first argues that the prejudice surrounding Warren's stale misdemeanor convictions far outweighed their probative value and that they were, therefore, inadmissible under Texas Rule of Evidence 609(a). Appellant next argues that the State improperly sought to use extraneous offenses to attack Warren's credibility because it failed to give notice pursuant to Texas Rule of Evidence 609(f). However, both of these arguments relate to whether the evidence was admissible. Here, the trial court determined the evidence to be inadmissible and instructed the jury to disregard the evidence of Warren's theft convictions. Thus, Appellant's first two arguments are immaterial.

Appellant further contends that the trial court's admonishment to the jury was not sufficient to cure the error. Appellant cites *Ex parte Bauder*, 974 S.W.2d 729 (Tex.Crim.App.1998) in support of his proposition that when a prosecutor deliberately or recklessly crosses the line between legitimate adversarial gamesmanship and manifestly improper methods that render a trial before the jury unfair to such a degree that no judicial admonishment could have cured it, then a mistrial is necessary. However, the issue resolved by the court of criminal appeals in *Ex parte Bauder* relates to the double jeopardy implications of a mistrial, not whether the trial court properly granted the mistrial. *Id.* at 732. The court did not actually determine whether the prosecutor's action in that case involved "manifestly improper methods." *Id.* Rather, the court concluded as follows:

> [T]he questions presented in this case are, on the one hand, whether the appellant's motion for mistrial was a choice he made in response to ordinary reversible error in order to avoid conviction, appeal, reversal, and retrial. Or, on the other hand, was he required to move for mistrial because the prosecutor deliber-

ately or recklessly crossed "the line between legitimate adversarial gamesmanship and manifestly improper methods" that rendered trial before the jury unfair to such a degree that no judicial admonishment could have cured it.

*Id.* For our purposes, while *Ex parte Bauder* envisions a scenario where a prosecutor's methods could render a trial so unfair that a judicial admonishment could not cure it, it does not set forth sufficient facts to demonstrate where the line between "legitimate adversarial gamesmanship" and "manifestly improper methods" lies. *Id.* However, on remand, the Fourth Court of Appeals determined that the prosecutor had not deliberately or recklessly crossed the line between legitimate adversarial gamesmanship and manifestly improper methods when he elicited testimony that the arresting officer observed that the defendant was engaged in a sexual act as the officer approached the car. *See Ex parte Bauder*, 2 S.W.3d 376, 378 (Tex.App.-San Antonio 1999, pet. ref'd). The court of appeals continued, "We also continue to believe that a judicial admonishment to disregard the officer's answer would have cured any prejudice resulting from it, rendering the mistrial unnecessary." *Id.* at 378 n. 1. Whether the trial judge's admonishment of the jury was sufficient to cure the error is the crux of Appellant's first issue in the instant case.

An instruction to disregard is presumed to cure error except in extreme circumstances where the evidence is "clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds." *Branch v. State*, 932 S.W.2d 577, 584 (Tex. App.-Tyler 1995, no pet.); *see also Bauder v. State*, 921 S.W.2d 696, 698 (Tex.Crim. App.1996). Here, other than his reliance

on *Ex parte Bauder,*[2] Appellant has presented no cogent argument demonstrating that the evidence elicited by the State regarding a defense witness's two stale misdemeanor theft convictions was of such a character that it was impossible for jurors to withdraw the impression created by the evidence from their minds.[3] As such, we conclude that Appellant failed to overcome the presumption that the trial court's instruction to disregard cured the error. Therefore, we hold that the trial court did not abuse its discretion in overruling Appellant's motion for mistrial. Appellant's first issue is overruled.

## DOUBLE JEOPARDY

■ In his second issue, Appellant contends that he was subjected to double jeopardy in violation of his constitutional and statutory rights because the jury was permitted to deliberate and again determine Appellant's guilt for the arson of Little's house, for which Appellant was previously convicted. The double jeopardy clause provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The double jeopardy clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See Brown v. Ohio,* 432 U.S. 161, 164–65, 97 S.Ct. 2221, 2224–25, 53 L.Ed.2d 187 (1977). In determining whether the double jeopardy clause has been violated, we ordinarily apply the *Blockburger* test. The *Blockburger* test states that "where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

■ In the instant case, Appellant cites to *Blockburger,* but fails to conduct analysis in accordance therewith. Rather, Appellant argues at length that the evidence that Appellant set fire to Little's house was more prejudicial than probative. However, the record reflects that Appellant failed to object when the State first made mention that Appellant had started the fire at Little's house. Moreover, Appellant has not provided us with any record cites or otherwise argued that error was preserved on the issue of whether evidence that he started the fire at Little's house was properly admissible. Therefore, Appellant has waived error on this issue, if any. *See* TEX.R.APP. P. 33.1.

■ Turning again to the issue of double jeopardy, we conclude that Appellant has waived this issue by failing to conduct proper analysis under *Blockburger. See* TEX.R.APP. P. 38.1(h). However, even assuming that Appellant did not waive this issue, the result would not be different. The act of arson and the act of felony murder are not the same criminal act and are not barred by double jeopardy. *See Murphy v. State,* 665 S.W.2d 116, 119 (Tex.Crim.App.1983); *see also Lawson v. State,* 64 S.W.3d 396, 397 n. 4 (Tex.Crim. App.2001) (Cochran, J., concurring); *Johnson v. State,* 4 S.W.3d 254, 257 (Tex.Crim.

---

2. 974 S.W.2d 729 (Tex.Crim.App.1998).

3. The record reflects that the trial judge admonished the jury twice, once following Appellant's motion for mistrial, and again prior to closing arguments. In fact, during his second admonishment, the trial judge polled the jury twice, asking anyone who could not set the question and answer at issue aside without having the question and answer affect him to please raise his hand. The record reflects that no juror raised his hand.

App.1999); *compare* TEX. PEN.CODE. ANN. § 19.02(b)(3) (Vernon 1994), *with* TEX. PEN. CODE. ANN. § 28.02 (Vernon Supp.2002). Therefore, we hold that Appellant's protections against double jeopardy were not violated. Appellant's second issue is overruled.

### LESSER INCLUDED OFFENSE

■ In his third issue, Appellant contends that the trial court erred in denying his request to submit manslaughter and criminally negligent homicide as lesser included offenses of felony murder. An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981). Furthermore, to be entitled to a charge instruction on a lesser included offense, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *See Moreno v. State*, 702 S.W.2d 636, 640 (Tex. Crim.App.1986).

■ Criminally negligent homicide is a lesser included offense of felony murder when (1) the *intended* felony is other than an underlying assaultive offense, and (2) the facts of the case warrant the submission of the offense. *See Kuykendall v.*

*State*, 609 S.W.2d 791, 797–98 (Tex.Crim. App. [Panel Op.] 1980), *overruled on other grounds, Cook v. State*, 858 S.W.2d 467, 469–70 (Tex.Crim.App.1993); *Mackey v. State*, 811 S.W.2d 643, 645 (Tex.App.-Waco 1991, pet. ref'd). It follows that manslaughter is likewise a lesser-included offense of felony murder where the conditions set forth in *Kuykendall* exist since manslaughter and criminally negligent homicide differ only in the required *mens rea. Compare* TEX. PEN.CODE ANN. § 19.04(a) (Vernon 1994), *with* TEX. PEN. CODE ANN. § 19.05(a) (Vernon 1994); *see also, e.g., Mackey*, 811 S.W.2d at 645 (analyzing claim related to submission of criminally negligent homicide and involuntary manslaughter under *Kuykendall*, but holding, as did the court in *Kuykendall*, that the facts of the case did not warrant submission as lesser-included offenses); *Lugo v. State*, 667 S.W.2d 144, 147 (Tex.Crim. App.1984) (criminally negligent homicide is a lesser included offense of manslaughter).

■ Here, we must decide whether there is evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *See Moreno v. State*, 702 S.W.2d 636, 640 (Tex.Crim.App.1986).[4] Manslaughter requires proof that the defendant acted recklessly, that is, that he consciously disregarded a substantial risk of which he was aware. *See* TEX. PEN.CODE § 19.04(a); TEX. PEN.CODE ANN. § 6.04(c) (Vernon 1994). Criminally negligent homicide requires proof that the defendant acted with criminal negligence, that is, that he ought to have been aware of a substantial and unjustifiable risk that the result would occur. *See* TEX. PEN.CODE § 19.05(a); TEX. PEN.CODE ANN. 6.04(d) (Vernon 1994). Appellant argues that

---

4. Initially, we note that Appellant has failed to make a *single* citation to the record in his brief to evidence required to prove the necessary elements of felony murder, which would

also satisfy the necessary elements of either manslaughter or criminally negligent homicide and has, therefore, waived the issue. *See* TEX.R.APP. P. 38.1(f).

there was testimony that he did not intend to harm anyone when he lit the fire. However, although evidence that Appellant started the fire was required to demonstrate that Appellant committed an act clearly dangerous to human life, *see* Tex. Pen.Code 19.02(b)(3), whether Appellant intended to harm anyone is not a fact required to prove the offense of felony murder. *See Rodriquez v. State,* 548 S.W.2d 26, 28–9 (Tex.Crim.App.1977) (the culpable mental state for felony murder is supplied by the mental state accompanying the underlying committed or attempted felony giving rise to the offense); *Mackey,* 811 S.W.2d at 645. Here, our review of Appellant's written statements indicates that Appellant intentionally started the fire by igniting Little's bed sheets with his cigarette lighter. Our review of the record reveals no evidence indicating that Appellant acted recklessly or with criminal negligence in this regard, nor has Appellant cited to any such evidence in his brief. Therefore, since no evidence from any source related to offenses other than felony murder, we hold that the trial court was not required to submit a charge on any other offense. Appellant's third issue is overruled.

### CUMULATIVE VERSUS CONCURRENT SENTENCING

In his fourth issue, Appellant contends that the trial court erred in cumulating or stacking his sentence for murder with the previous sentence imposed on Appellant for arson. Appellant argues that the sentences should not have been stacked because they arose from the same criminal episode of burglarizing Little's home and setting fire to the bed sheets in an attempt to conceal the burglary. We disagree.

The trial court's general authority under Texas Code of Criminal Procedure article 42.08 to order consecutive sentences is statutorily limited by Texas Penal Code section 3.03. *See LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Crim.App. 1992); *see also* Tex.Code.Crim. Proc. Ann. art. 42.08(a) (Vernon Supp.2002). When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which the accused has been found guilty shall be pronounced and such sentence shall run concurrently. *See* Tex. Pen.Code. Ann. § 3.03(a) (Vernon Supp.2002). The Texas Legislature intended a "single criminal action" to refer to a single trial or plea proceeding. *Ex parte Pharr,* 897 S.W.2d 795, 796 (Tex.Crim.App.1995). As such, a defendant is prosecuted in a "single criminal action" when allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. *Id.* Although Appellant argues that the present case and his previous arson trial arose from the same criminal episode, Appellant presents no argument that he was prosecuted for these two crimes in a "single criminal action." Indeed, the record reflects that Appellant's arson trial concluded more than five months prior to the commencement of the trial of the instant case. Therefore, since Appellant did not, and based on our review of the record, cannot demonstrate that he was prosecuted for arson and murder in a single criminal action, we hold that the trial court did not err in ordering that Appellant's sentence for murder run consecutive to Appellant's sentence for arson. Appellant's fourth issue is overruled.

Accordingly, the judgment of the trial court is ***affirmed.***

GOHMERT, JR., C.J., not participating.