IN RE EBM

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-201-CV

IN THE MATTER OF E.B.M. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant E.B.M., a juvenile, was charged with felony murder and failure to stop and render aid.  The State alleged that Appellant, in the course of and in furtherance of the commission of a felony, unauthorized use of a vehicle, committed or attempted to commit an act clearly dangerous to human life by driving at night without headlights and in excess of the posted speed limit. Further, the State alleged that, after causing an accident that resulted in the death of Philip Andress, Appellant left the scene without rendering assistance.  Appellant was adjudicated delinquent after a jury found that he committed the above offenses.  In five points, Appellant argues that (1) the trial court abused its discretion in refusing to admit pictures of the scene of the offense offered by Appellant, (2) the trial court abused its discretion in failing to admit a judgment and sentence for driving while license suspended entered against the deceased, (3) the trial court abused its discretion in failing to admit the Texas Driver’s Handbook concerning alcohol impairments, (4) felony murder does not apply to Appellant’s commission of the underlying felony of unauthorized use of a vehicle, and (5) the trial court erred in failing to instruct the jury on the lesser-included offenses of manslaughter and criminally negligent homicide.  We affirm.

Factual and Procedural Background

Because the sufficiency of the evidence is not challenged, we need only briefly discuss the facts of this case.  The evidence showed that on February 13, 2004, at approximately 10:45 p.m., Lindsay Roberts left her pickup truck running while she was inside the Quick-Sak convenience store.  Appellant stole Roberts’s pickup truck and proceeded down White Settlement Road.  When Appellant approached the intersection with Churchill Road, he collided with a vehicle driven by Philip Andress, who died as a result.  After the accident, Appellant fled the scene and was arrested a short time later.  At the time of the accident, Appellant was driving without headlights, and his speed was calculated to be between 61 and 63 mph in a 35 mph zone.  Appellant submitted to a blood test at the hospital and was found to have a blood alcohol level of 0.11 percent. 

Exclusion of Evidence

In his first three points, Appellant argues that the trial court abused its discretion in excluding three exhibits he attempted to offer into evidence.  We review a trial court’s ruling on the admissibility of evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).  A trial court does not abuse its discretion as long as its decision lies within the zone of reasonable disagreement.  
Montgomery
, 810 S.W.2d at 391.

In his first point, Appellant argues that the trial court abused its discretion in refusing to admit a picture of the scene of the intersection where the accident occurred.  Defense counsel called Appellant’s grandfather as a witness and through him attempted to introduce the photograph of the intersection to show that the intersection was well-lit at the time of the collision.  The witness testified that he had taken the picture at approximately 11:00 p.m., sometime between April and May 2004.  The State objected to the admission of the photograph based on relevance, arguing that it did not accurately depict the intersection on February 13, 2004, the date of the accident.  The trial court sustained the objection. 

Under Rule 401, evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the determination of the case more or less probable than it would be without the evidence.  
Tex. R. Evid.
 401; 
see Resendiz v. State
, 112 S.W.3d 541, 545 (Tex. Crim. App. 2003).  The photograph was taken approximately two months after the accident had occurred.  Appellant’s grandfather also testified that he did not go the scene of the intersection on the night of the accident.  As a result, he could not testify that the picture taken months later accurately depicted the intersection on the night of the accident.  Therefore, we hold that the trial court did not abuse its discretion in sustaining the State’s objection to this particular photograph on relevance grounds.

In his second point, Appellant argues that the trial court abused its discretion in excluding an exhibit showing a judgment and sentence entered against Andress.  In his third point, Appellant argues that the trial court abused its discretion in excluding a Texas Driver’s Handbook concerning alcohol impairments. 

During the trial, evidence was produced that Andress was driving with a suspended driver’s license and that a toxicology test conducted during the autopsy showed he had a blood-alcohol level of 0.04 percent
(footnote: 2) and a five nanogram level of marijuana in his system at the time of the accident.
(footnote: 3)  With respect to Andress’s suspended license, Appellant attempted to introduce an exhibit that purported to show that Andress had been previously convicted on a “DWI/drug/controlled substance” charge.  Appellant contended that he was attempting to introduce this conviction to show that Andress’s license had been suspended.  The trial court sustained the State’s objection, and the exhibit was not admitted into evidence.  

Additionally, Appellant attempted to introduce a page from the Texas Driver’s Handbook that purportedly contained an “impairment list.”  However, it is unclear from the record before us what this exhibit actually contained.  The State’s objection to this exhibit was likewise sustained.  Appellant did not make an offer of proof or perfect a bill of exception with regard to either the purported conviction or the page from the handbook.

To preserve error, the substance of the excluded evidence must be shown by offer of proof unless it is apparent from the context of the questions asked.  
Tex. R. Evid.
 103(a)(2); 
Tex. R. App. P.
 33.2; 
Chambers v. State
, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993), 
cert. denied
, 511 U. S. 1100 (1994); 
see
 
Fairow v. State
, 943 S.W.2d 895, 897 n.2 (Tex. Crim. App. 1997).
(footnote: 4)  In the absence of a bill of exception or offer of proof, we have no basis for reviewing the contention that the trial court erred in excluding the evidence in question.  
Hitt v. State
, 53 S.W.3d 697, 708 (Tex. App.—Austin 2001, pet. ref’d).

Based on the record before us, we are unable to determine what the excluded exhibits actually contained.  It is unclear from the reporter’s record what Appellant attempted to prove from the Texas Driver’s Handbook, and we cannot determine what type of publication it is.  Additionally, it is unclear whether Andress’s purported conviction actually showed that his license had been suspended and was still suspended on the night of the accident.  Therefore, we conclude that without knowing the substance of the excluded exhibits, we have no basis on which to make a determination of whether the trial court abused its discretion.  
See Hitt
, 53 S.W.3d at 708.  We overrule Appellant’s second and third points.

Felony Murder

In his fourth point, Appellant urges this court to adopt an interpretation of the definition of felony murder set forth in section 19.02(b)(3) of the Texas Penal Code as excluding unauthorized use of a vehicle as an underlying offense.
(footnote: 5)  As support for his argument, Appellant contends that he has found no Texas case upholding a conviction for felony murder based upon unauthorized use of a motor vehicle as the underlying offense. 

Despite Appellant’s contention, several courts of appeals have affirmed felony murder convictions when the underlying felony was unauthorized use of a vehicle.  
See Medina v. State
, 962 S.W.2d 83, 86 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d); 
Richardson v. State
, 823 S.W.2d 710, 715 (Tex. App.—San Antonio 1992, pet. ref’d), 
abrogated on other grounds by Johnson v. State
, 4 S.W.3d 254 (Tex. Crim. App.1999); 
Mackey v. State
, 811 S.W.2d 643, 644-45 (Tex. App.—Waco 1991, pet. ref’d); 
see also Baladez v. State
, No. 13-02-474-CR, 2004 WL 1073798, at *2 (Tex. App.—Corpus Christi 2004, no pet.) (not designated for publication).  Additionally, the only limitation imposed by the legislature on felony murder is that the underlying felony cannot be manslaughter.  
Johnson
, 4 S.W.3d at 258; 
see Lawson v. State
, 64 S.W.3d 396, 401 (Tex. Crim. App. 2001) (“Our legislature within its constitutional role remains free to abolish felony murder or limit its application or effect to other felonies.  It is not the role of courts to abolish or judicially limit or expand a constitutionally valid statutory offense clearly defined by the legislature.”).
(footnote: 6)  Therefore, we conclude that Appellant’s argument is without merit.  We overrule Appellant’s fourth point.

Lesser-Included Offense

In his fifth point, Appellant argues that the trial court erred in denying his request for a jury instruction regarding the lesser-included offenses of manslaughter and criminally negligent homicide.

A two-step test applies when assessing whether a charge on a lesser-included offense should be given. 
Threadgill v. State
, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004); 
Feldman v. State
, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002).  The first step is to determine whether the offense is actually a lesser-included offense of the offense charged.  
Threadgill
, 146 S.W.3d at 665.  The second step of the test requires that the record contain some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense.  
Id
.; 
Feldman
, 71 S.W.3d at 750.  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense.  
Threadgill
, 146 S.W.3d at 665.  The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense.  
Id
.

Criminally negligent homicide is a lesser-included offense of felony murder when the intended felony is other than an underlying assaultive offense.  
See Jones v. State
, 100 S.W.3d 1, 6 (Tex. App.—Tyler 2002, pet. ref’d) (citing 
Kuykendall v. State
, 609 S.W.2d 791, 797-98 (Tex. Crim. App. [Panel Op.] 1980), 
overruled on other grounds by Cook v. State
, 858 S.W.2d 467, 469-70 (Tex. Crim. App. 1993)).  Additionally, because manslaughter and criminally negligent homicide differ only in the required mens rea, manslaughter is a possible lesser-included offense of felony murder.  
Id
.

Because manslaughter and criminally negligent homicide can be lesser-included offenses of felony murder, we must determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense.  Manslaughter requires proof that the defendant acted recklessly, that is, that he consciously disregarded a substantial risk of which he was aware.  
Jones
, 100 S.W.3d at 6; 
see
 
Tex. Penal Code Ann.
 §§ 6.03(c), 19.04(a) (Vernon 2003).  Criminally negligent homicide requires proof that the defendant acted with criminal negligence, that is, that he ought to have been aware of a substantial and unjustifiable risk that the result would occur.  
Jones
, 100 S.W.3d at 6; 
see
 
Tex. Penal Code Ann.
 §§ 6.03(d), 19.05(a).

Appellant contends that there was no evidence that he intentionally or knowingly caused the death of Andress, the driver of the other vehicle.   Therefore, he argues that the mens rea of criminally negligent homicide and manslaughter “more closely relate to the actual actions of the Appellant than the offense for which he was ultimately convicted, felony murder.”  

In felony murder, the culpable mental state for the act of murder is supplied by the mental state accompanying the underlying felony.  
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); 
Rodriquez v. State
, 548 S.W.2d 26, 28-29 (Tex. Crim. App. 1977).  In the instant case, it is undisputed that Appellant intentionally operated Roberts’s vehicle without her effective consent, thereby intentionally committing the underlying offense of unauthorized use of a vehicle.  
See
 
Tex. Penal Code Ann.
 § 31.07(a).  In reviewing the record, we have found no evidence that Appellant acted recklessly or with criminal negligence in this regard, nor has Appellant cited any such evidence in his brief.  Therefore, we conclude that Appellant was not entitled to a lesser-included offense instruction.  We overrule Appellant’s fifth point.

Conclusion

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant says that Andress’s blood alcohol level was .06 percent.  However, this number represents the alcohol level in the vitreous humor, which is the clear fluid in the eye.  The doctor who testified stated that the blood alcohol level of .04 percent is a fairly accurate indicator of alcohol in the body at the time of collision.  He additionally stated that the vitreous humor follows the blood alcohol level down, which is why that number was slightly higher. 

3:
The doctor testified that although Andress was found to have marijuana in his system, the test conducted could not determine when the marijuana had been ingested, but rather only indicated that it had been ingested within the last few days. 

4:
The State contends on appeal that Appellant failed to preserve error with regard to the excluded photograph because he failed to make an offer of proof or bill of exceptions.  However, because the nature of the photograph that Appellant was attempting to introduce is clear from the record, we have determined that we can consider the merits of Appellant’s argument on appeal.

5:
Under the felony murder statute, a person commits an offense if he

commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal Code Ann.
 § 19.02(b)(3) (Vernon 2003).

6:
The statute also contains the limitation that a person must commit or attempt to commit “an act clearly dangerous to human life that causes the death of an individual.”  
Tex. Penal Code Ann.
 § 19.02(b)(3).