COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-201-CV


IN THE MATTER OF E.B.M.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
Introduction
        Appellant E.B.M., a juvenile, was charged with felony murder and failure
to stop and render aid. The State alleged that Appellant, in the course of and
in furtherance of the commission of a felony, unauthorized use of a vehicle,
committed or attempted to commit an act clearly dangerous to human life by
driving at night without headlights and in excess of the posted speed limit.
Further, the State alleged that, after causing an accident that resulted in the
death of Philip Andress, Appellant left the scene without rendering assistance. 
Appellant was adjudicated delinquent after a jury found that he committed the
above offenses. In five points, Appellant argues that (1) the trial court abused
its discretion in refusing to admit pictures of the scene of the offense offered
by Appellant, (2) the trial court abused its discretion in failing to admit a
judgment and sentence for driving while license suspended entered against the
deceased, (3) the trial court abused its discretion in failing to admit the Texas
Driver’s Handbook concerning alcohol impairments, (4) felony murder does not
apply to Appellant’s commission of the underlying felony of unauthorized use
of a vehicle, and (5) the trial court erred in failing to instruct the jury on the
lesser-included offenses of manslaughter and criminally negligent homicide. We
affirm.
Factual and Procedural Background
        Because the sufficiency of the evidence is not challenged, we need only
briefly discuss the facts of this case. The evidence showed that on February
13, 2004, at approximately 10:45 p.m., Lindsay Roberts left her pickup truck
running while she was inside the Quick-Sak convenience store. Appellant stole
Roberts’s pickup truck and proceeded down White Settlement Road. When
Appellant approached the intersection with Churchill Road, he collided with a
vehicle driven by Philip Andress, who died as a result. After the accident,
Appellant fled the scene and was arrested a short time later. At the time of the
accident, Appellant was driving without headlights, and his speed was
calculated to be between 61 and 63 mph in a 35 mph zone. Appellant
submitted to a blood test at the hospital and was found to have a blood alcohol
level of 0.11 percent. 
Exclusion of Evidence
        In his first three points, Appellant argues that the trial court abused its
discretion in excluding three exhibits he attempted to offer into evidence. We
review a trial court’s ruling on the admissibility of evidence under an abuse of
discretion standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim.
App. 2000); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990) (op. on reh’g). A trial court does not abuse its discretion as long as its
decision lies within the zone of reasonable disagreement. Montgomery, 810
S.W.2d at 391.
        In his first point, Appellant argues that the trial court abused its discretion
in refusing to admit a picture of the scene of the intersection where the
accident occurred. Defense counsel called Appellant’s grandfather as a witness
and through him attempted to introduce the photograph of the intersection to
show that the intersection was well-lit at the time of the collision. The witness
testified that he had taken the picture at approximately 11:00 p.m., sometime
between April and May 2004. The State objected to the admission of the
photograph based on relevance, arguing that it did not accurately depict the
intersection on February 13, 2004, the date of the accident. The trial court
sustained the objection. 
        Under Rule 401, evidence is relevant if it has the tendency to make the
existence of any fact that is of consequence to the determination of the case
more or less probable than it would be without the evidence. Tex. R. Evid. 401;
see Resendiz v. State, 112 S.W.3d 541, 545 (Tex. Crim. App. 2003). The
photograph was taken approximately two months after the accident had
occurred. Appellant’s grandfather also testified that he did not go the scene of
the intersection on the night of the accident. As a result, he could not testify
that the picture taken months later accurately depicted the intersection on the
night of the accident. Therefore, we hold that the trial court did not abuse its
discretion in sustaining the State’s objection to this particular photograph on
relevance grounds.
        In his second point, Appellant argues that the trial court abused its
discretion in excluding an exhibit showing a judgment and sentence entered
against Andress. In his third point, Appellant argues that the trial court abused
its discretion in excluding a Texas Driver’s Handbook concerning alcohol
impairments. 
        During the trial, evidence was produced that Andress was driving with a
suspended driver’s license and that a toxicology test conducted during the
autopsy showed he had a blood-alcohol level of 0.04 percent [2] and a five
nanogram level of marijuana in his system at the time of the accident. [3] With
respect to Andress’s suspended license, Appellant attempted to introduce an
exhibit that purported to show that Andress had been previously convicted on
a “DWI/drug/controlled substance” charge. Appellant contended that he was
attempting to introduce this conviction to show that Andress’s license had been
suspended. The trial court sustained the State’s objection, and the exhibit was
not admitted into evidence. 
        Additionally, Appellant attempted to introduce a page from the Texas
Driver’s Handbook that purportedly contained an “impairment list.” However,
it is unclear from the record before us what this exhibit actually contained. The
State’s objection to this exhibit was likewise sustained. Appellant did not make
an offer of proof or perfect a bill of exception with regard to either the
purported conviction or the page from the handbook.
        To preserve error, the substance of the excluded evidence must be shown
by offer of proof unless it is apparent from the context of the questions asked. 
Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.2; Chambers v. State, 866 S.W.2d
9, 27 (Tex. Crim. App. 1993), cert. denied, 511 U. S. 1100 (1994); see Fairow
v. State, 943 S.W.2d 895, 897 n.2 (Tex. Crim. App. 1997). [4] In the absence
of a bill of exception or offer of proof, we have no basis for reviewing the
contention that the trial court erred in excluding the evidence in question. Hitt
v. State, 53 S.W.3d 697, 708 (Tex. App.—Austin 2001, pet. ref’d).
        Based on the record before us, we are unable to determine what the
excluded exhibits actually contained. It is unclear from the reporter’s record
what Appellant attempted to prove from the Texas Driver’s Handbook, and we
cannot determine what type of publication it is. Additionally, it is unclear
whether Andress’s purported conviction actually showed that his license had
been suspended and was still suspended on the night of the accident. 
Therefore, we conclude that without knowing the substance of the excluded
exhibits, we have no basis on which to make a determination of whether the
trial court abused its discretion. See Hitt, 53 S.W.3d at 708. We overrule
Appellant’s second and third points.
Felony Murder
        In his fourth point, Appellant urges this court to adopt an interpretation
of the definition of felony murder set forth in section 19.02(b)(3) of the Texas
Penal Code as excluding unauthorized use of a vehicle as an underlying
offense. [5] As support for his argument, Appellant contends that he has found
no Texas case upholding a conviction for felony murder based upon
unauthorized use of a motor vehicle as the underlying offense. 
        Despite Appellant’s contention, several courts of appeals have affirmed
felony murder convictions when the underlying felony was unauthorized use of
a vehicle. See Medina v. State, 962 S.W.2d 83, 86 (Tex. App.—Houston [1st
Dist.] 1997, pet. ref’d); Richardson v. State, 823 S.W.2d 710, 715 (Tex.
App.—San Antonio 1992, pet. ref’d), abrogated on other grounds by Johnson
v. State, 4 S.W.3d 254 (Tex. Crim. App.1999); Mackey v. State, 811 S.W.2d
643, 644-45 (Tex. App.—Waco 1991, pet. ref’d); see also Baladez v. State,
No. 13-02-474-CR, 2004 WL 1073798, at *2 (Tex. App.—Corpus Christi
2004, no pet.) (not designated for publication). Additionally, the only limitation
imposed by the legislature on felony murder is that the underlying felony cannot
be manslaughter. Johnson, 4 S.W.3d at 258; see Lawson v. State, 64 S.W.3d
396, 401 (Tex. Crim. App. 2001) (“Our legislature within its constitutional role
remains free to abolish felony murder or limit its application or effect to other
felonies. It is not the role of courts to abolish or judicially limit or expand a
constitutionally valid statutory offense clearly defined by the legislature.”). [6] 
Therefore, we conclude that Appellant’s argument is without merit. We
overrule Appellant’s fourth point.
 
 
 
Lesser-Included OffenseIn his fifth point, Appellant argues that the trial court erred in denying his
request for a jury instruction regarding the lesser-included offenses of
manslaughter and criminally negligent homicide.
        A two-step test applies when assessing whether a charge on a
lesser-included offense should be given. Threadgill v. State, 146 S.W.3d 654,
665 (Tex. Crim. App. 2004); Feldman v. State, 71 S.W.3d 738, 750 (Tex.
Crim. App. 2002). The first step is to determine whether the offense is actually
a lesser-included offense of the offense charged. Threadgill, 146 S.W.3d at
665. The second step of the test requires that the record contain some
evidence that would permit a rational jury to find that the defendant is guilty
only of the lesser offense. Id.; Feldman, 71 S.W.3d at 750. There must be
some evidence from which a rational jury could acquit the defendant of the
greater offense while convicting him of the lesser-included offense. Threadgill,
146 S.W.3d at 665. The evidence must establish the lesser-included offense
as a valid rational alternative to the charged offense. Id.
        Criminally negligent homicide is a lesser-included offense of felony murder
when the intended felony is other than an underlying assaultive offense. See
Jones v. State, 100 S.W.3d 1, 6 (Tex. App.—Tyler 2002, pet. ref’d) (citing
Kuykendall v. State, 609 S.W.2d 791, 797-98 (Tex. Crim. App. [Panel Op.]
1980), overruled on other grounds by Cook v. State, 858 S.W.2d 467, 469-70
(Tex. Crim. App. 1993)). Additionally, because manslaughter and criminally
negligent homicide differ only in the required mens rea, manslaughter is a
possible lesser-included offense of felony murder. Id.
        Because manslaughter and criminally negligent homicide can be lesser-included offenses of felony murder, we must determine whether there is some
evidence that would permit a rational jury to find that the defendant is guilty
only of the lesser offense. Manslaughter requires proof that the defendant
acted recklessly, that is, that he consciously disregarded a substantial risk of
which he was aware. Jones, 100 S.W.3d at 6; see Tex. Penal Code Ann. §§
6.03(c), 19.04(a) (Vernon 2003). Criminally negligent homicide requires proof
that the defendant acted with criminal negligence, that is, that he ought to have
been aware of a substantial and unjustifiable risk that the result would occur. 
Jones, 100 S.W.3d at 6; see Tex. Penal Code Ann. §§ 6.03(d), 19.05(a).
        Appellant contends that there was no evidence that he intentionally or
knowingly caused the death of Andress, the driver of the other vehicle. 
Therefore, he argues that the mens rea of criminally negligent homicide and
manslaughter “more closely relate to the actual actions of the Appellant than
the offense for which he was ultimately convicted, felony murder.” 
        In felony murder, the culpable mental state for the act of murder is
supplied by the mental state accompanying the underlying felony. Salinas v.
State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rodriquez v. State, 548
S.W.2d 26, 28-29 (Tex. Crim. App. 1977). In the instant case, it is undisputed
that Appellant intentionally operated Roberts’s vehicle without her effective
consent, thereby intentionally committing the underlying offense of
unauthorized use of a vehicle. See Tex. Penal Code Ann. § 31.07(a). In
reviewing the record, we have found no evidence that Appellant acted
recklessly or with criminal negligence in this regard, nor has Appellant cited any
such evidence in his brief. Therefore, we conclude that Appellant was not
entitled to a lesser-included offense instruction. We overrule Appellant’s fifth
point.
Conclusion
        Having overruled all of Appellant’s points, we affirm the trial court’s
judgment.


                                                          ANNE GARDNER
                                                          JUSTICE
 
PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED: August 31, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.
2. Appellant says that Andress’s blood alcohol level was .06 percent. 
However, this number represents the alcohol level in the vitreous humor, which
is the clear fluid in the eye. The doctor who testified stated that the blood
alcohol level of .04 percent is a fairly accurate indicator of alcohol in the body
at the time of collision. He additionally stated that the vitreous humor follows
the blood alcohol level down, which is why that number was slightly higher. 
3. The doctor testified that although Andress was found to have marijuana in
his system, the test conducted could not determine when the marijuana had
been ingested, but rather only indicated that it had been ingested within the last
few days. 
4. The State contends on appeal that Appellant failed to preserve error with
regard to the excluded photograph because he failed to make an offer of proof
or bill of exceptions. However, because the nature of the photograph that
Appellant was attempting to introduce is clear from the record, we have
determined that we can consider the merits of Appellant’s argument on appeal.
5. Under the felony murder statute, a person commits an offense if he
commits or attempts to commit a felony, other than manslaughter,
and in the course of and in furtherance of the commission or
attempt, or in immediate flight from the commission or attempt, he
commits or attempts to commit an act clearly dangerous to human
life that causes the death of an individual.
Tex. Penal Code Ann. § 19.02(b)(3) (Vernon 2003).
6. The statute also contains the limitation that a person must commit or
attempt to commit “an act clearly dangerous to human life that causes the
death of an individual.” Tex. Penal Code Ann. § 19.02(b)(3).