MEMORANDUM OPINION



No. 04-06-00502-CR



William Lee ESPARZA,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 2005-CR-6294


Honorable Raymond Angelini, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: July 18, 2007


AFFIRMED


 William Lee Esparza appeals his felony murder conviction asserting that the trial court erred
in denying his request for jury instructions on the lesser included offenses of manslaughter and
criminally negligent homicide. We affirm the trial court's judgment.

 "The first step in [a] lesser-included-offense analysis, determining whether the offense is a
lesser-included offense of the alleged offense, is a question of law." Hall v. State, No. PD-1594-02,
2007 WL 1343110, at *8 (Tex. Crim. App. May 9, 2007). The first step in the analysis is performed
by "comparing the elements of the offense as they are alleged in the indictment or information with
the elements of the potential lesser-included offense" and then asking "are the elements of the lesser
offense established by proof of the same or less than all the facts required to establish the
commission of the offense charged?" Id. at *8-9. In this case, the statutory elements of felony
murder as they were modified by the particular allegations in the indictment are:

 (1) the appellant;

 (2) intentionally and knowingly caused bodily injury;

 (3) to X.E., a child who was fourteen years or younger; and

 (4) committed an act clearly dangerous to human life by striking X.E. with an
object or objects unknown to the grand jury and striking X.E. against an
object or objects unknown to the grand jury;

 (5) thereby causing the death of X.E.


The statutory elements of manslaughter require proof that the appellant recklessly caused the death
of an individual while the statutory elements of criminally negligent homicide require proof that the 
appellant caused the death of an individual by criminal negligence. Tex. Pen. Code Ann. §§ 19.04,
19.05 (Vernon 2003). Both manslaughter and criminally negligent homicide require proof of a
culpable mental state with regard to the death of an individual. See Schroeder v. State, 123 S.W.3d
398, 400 (Tex. Crim. App. 2003); Juneau v. State, 49 S.W.3d 387, 391 (Tex. App.--Fort Worth
2000, pet. ref'd). Felony murder, however, attaches no culpable mental state to the killing and
dispenses with the necessity of proving mens rea accompanying the homicide itself. Johnson v.
State, 4 S.W.3d 254, 255 (Tex. Crim. App. 1999); see also Ex parte Thompson, 179 S.W.3d 549,
564 (Tex. Crim. App. 2005) (Keller, P.J., concurring). As a result, the elements of the requested
lesser included offenses are not established by proof of the same or less than all of the facts required
to establish the commission of the charged offense. (1) See Tex. Code Crim. Proc. Ann. art. 37.09(1)
(Vernon 2006); Juneau, 49 S.W.3d at 391; see also Kuykendall v. State, 609 S.W.2d 791, 796 (Tex.
Crim. App. 1980) (stating neither manslaughter nor criminally negligent homicide could be lesser
included offense of felony murder where the intended felony is an assaultive offense), overruled on
other grounds, Cook v. State, 858 S.W.2d 467, 469-70 (Tex. Crim. App. 1993); In re E.B.M., No.
02-04-00201-CV, 2005 WL 2100481, at *3 (Tex. App.--Fort Worth Aug. 31, 2004, no pet.) (same)
(not designated for publication); Jones v. State, 100 S.W.3d 1, 6-7 (Tex. App.--Tyler 2002, pet.
ref'd) (same). 

 Even if we were to assume that the requested offenses satisfied the first step in our analysis,
the second step in the analysis asks whether there is some evidence in the record that would permit
a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. 
Hall, 2007 WL 1343110, at *9. Isolated facts taken out of context from the record will not justify
a lesser included offense instruction. Barcenas v. State, 940 S.W.2d 739, 745 (Tex. App.--San
Antonio 1997, pet. ref'd).

 Both manslaughter and criminally negligent homicide require evidence of a substantial and
unjustifiable risk that the result will occur, and that the accused's failure to perceive or conscious
disregard of that risk is a gross deviation from the standard of care that an ordinary person would
exercise under all the circumstances as viewed from the actor's standpoint. Id. at 746. To support
his claim that the jury should have been charged on these offenses, Esparza points to evidence in the
record that he grabbed X.E., who was wet from his bath, and X.E. slipped and fell to the floor. This
evidence is not proof, however, that Esparza was aware of, but ignored, a substantial and
unjustifiable risk that death would result from his actions. See id. Likewise, there is no evidence
that Esparza's self-described conduct subjected X.E. to an objectively substantial and unjustifiable
risk of death. See id. The events described by Esparza would not have placed a reasonable person
on notice that X.E. would die as a result of the fall. Moreover, the medical testimony proffered by
the State's witnesses affirmatively excluded the fall described by Esparza as a possible cause of
X.E.'s death. (2) As a result, the record did not contain evidence that would permit a jury rationally
to find Esparza guilty only of manslaughter or criminally negligent homicide. See id.; see also
Hopper v. State, No. 03-03-005088-CR, 2004 WL 2108665, at *5 (Tex. App.--Austin Sept. 23,
2004, pet. ref'd) (not designated for publication).

 The trial court's judgment is affirmed.

 Alma L. López, Chief Justice

DO NOT PUBLISH



1. In addition to the difference in the culpable mental states, the injury to which culpability attaches for the
lesser offenses, i.e. death, is a more serious injury than the injury to which culpability attaches for the charged
offense, i.e. bodily injury. See Tex. Code Crim. Proc. Ann. art. 37.09(2) (Vernon 2006) (providing an offense is a
lesser offense if it differs from the offense charged only in the respect that a less serious injury or risk of injury to
the same person, property, or public interest suffices to establish its commission).
2. Dr. Minette Son, the medical director of the pediatric I.C.U. who treated X.E., stated that X.E.'s injuries
were too violent to "happen just from gravity." Dr. Son stated, "Even if you were standing and dropped your baby
completely, a free fall would not cause that type of injury." Dr. Kimberly Molina, the medical examiner who
examined X.E., also testified that the injuries were not consistent with Esparza's self-described conduct. Dr. Molina
stated a solitary fall would not explain all of X.E.'s different bruises, and the force required to have caused the
subdural hemorrhage would be similar to the force of a motor vehicle accident. Dr. Molina stated that a baby falling
from a parent's hand would not create the amount of force that would cause that type of injury.