# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 25 2016, 5:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David W. Stone, IV
Stone Law Office & Legal Research
Anderson, Indiana

Edward R. Reichert
Nunn Law Office
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Benjamin D. Ice
William A. Ramsey
Barrett McNagny, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jodie Meyer,

*Appellant-Plaintiff,*

v.

Elizabeth Cochran,

*Appellee-Defendant.*

May 25, 2016

Court of Appeals Case No.
27A04-1510-CT-1664

Appeal from the Grant Superior Court

The Honorable Dana J. Kenworthy, Judge

Trial Court Cause No.
27D02-1403-CT-19

**May, Judge.**

[1] In this personal injury action, plaintiff Jodie Meyer asked for a mistrial and a new trial after the jury heard references to insurance coverage and the defendant Elizabeth Cochran's student loan debt. As Meyer has not demonstrated the trial court's admonitions were insufficient to cure any error, we affirm.[1]

## Facts and Procedural History

[2] Meyer was driving on an interstate highway when Cochran's car hit the rear of Meyer's car. During jury selection Cochran's attorney was interviewing a prospective juror who had been a plaintiff in a personal injury action. The prospective juror was asked whether anything about that experience would affect how he viewed the position of either party in this case. He said "No. When I hear insurance companies, yes." (Tr. at 115.) Cochran's counsel then said "Alright. Well, there's not an insurance company in this case." (*Id.* at 115-16.) In fact, the car Cochran was driving was owned by her parents and was insured.

[3] Meyer's counsel objected and the trial court sustained the objection. Meyer's counsel asked that the prospective jurors be admonished, and the trial court told

---

[1] Because the errors were cured by the trial court's admonitions, we need not address whether the trial court should have permitted Meyer to present 1) evidence of insurance coverage "to counter [Cochran's] improper claim an insurance company was not in the case and [Cochran's] poor-mouthing defense," (Br. of Appellant at 5), and 2) evidence of interest on a loan Meyer had to secure to pay for treatment of her injuries. As explained below, we presume the jury disregarded the challenged statements about insurance and financial status. The trial court was therefore not obliged to allow Meyer to present her own inadmissible evidence to "counter" the challenged statements.

them to "disregard [counsel's] comment about insurance.  In this case, the jury[2] is to not consider whether there was or was not insurance coverage in this case in coming to a decision, so insurance and whether or not there was any is not relevant to them, to the issues in this case." (*Id*. at 118) (footnote added). Meyer's counsel resumed *voir dire*.  He noted a "jury is expected to not to [sic] consider whether there's insurance available or at play at all in these types of cases," (*id*.), and again asked the prospective juror whether anything about his experience as a personal injury plaintiff would affect his ability to be impartial. The prospective juror said "I don't think so." (*Id*.)

[4]     After the collision, Cochran was ticketed for driving at an unsafe speed.  She did not contest the ticket.  At trial Meyer's counsel questioned Cochran about why she did not contest the ticket.  She responded "I had a preconceived notion that I needed a lawyer, and I'm a student with several thousands of dollars in debt already." (*Id*. at 182.)  Meyer's counsel objected on the ground Cochran's statement violated motions *in limine* submitted by both parties that would prevent mention of the financial circumstances of the parties.

[5]     Meyer asked for a mistrial based on the mention of insurance during *voir dire* and the mention at trial of Cochran's debt.  Meyer's counsel also told the court

---

[2]  This happened during *voir dire*.  The jury had not yet been selected.

Meyer overheard the jury talking in the jury room with the door shut during the lunch hour and "there was some statement made to the effect of 'What's this with no insurance?'" (*Id*. at 186.)

[6]     The trial court denied a mistrial but admonished the jury.[3]  It ordered the jury to disregard Cochran's answer and then said:

> I'm also going to give you a little bit of instruction.  Okay?  In this case, the financial circumstances of the parties is not admissible and it is not relevant of [sic] the issues that you're here to decide.  You're here to decide if there's one, one party or another party at fault for the wreck.  You're here to determine damages if you find someone at fault, but financial circumstances are not relevant to that issue.  Also the existence or nonexistence of insurance is not admissible and that's very important that you understand why.  A lot of people are very concerned about the amount of funding on one side or the other or could be, and that becomes a red herring.  That takes your eye off what the issue in this case is and the issue here is is there fault, are there damages . . . throughout the trial you won't know if either party has insurance.  You won't know if one is a millionaire.  You won't know if one is in, in poverty because those issues are just not relevant here.

(*Id*. at 197.)  The final instructions told the jury it must not consider testimony that was not admitted into evidence and must not consider or speculate about

---

[3]  Meyer's counsel made an "alternative request" that those portions of the motion *in limine* concerning insurance and the parties' financial status "be not in effect anymore," (Tr. at 192), because "defendants have opened the door to insurance in this case and have opened the door to the financial status of both parties." (*Id*.)  The court responded it was "not inclined to open the door to additional impermissible evidence based on the admission of other inadmissible evidence." (*Id*. at 192-93.)

whether either party has insurance. The jury found for Cochran and against Meyer.

# Discussion and Decision

[7] When faced with a circumstance that a defendant believes might warrant a mistrial, generally the correct procedure is to request an admonition. *Isom v. State*, 31 N.E.3d 469, 482 (Ind. 2015), *reh'g denied*, *cert. denied*. If counsel is unsatisfied with the admonition or it is obvious that the admonition will not be sufficient to cure the error, then counsel may move for mistrial.[4] *Id*.

[8] A mistrial is an extreme remedy warranted only when a less severe remedy will not correct the error. *Piatek v. Beale*, 994 N.E.2d 1140, 1145 (Ind. Ct. App. 2013), *aff'd on reh'g*, 999 N.E.2d 68 (Ind. Ct. App. 2013), *trans. denied*. We give great deference to a trial judge's discretion in determining whether to grant a mistrial because the judge is in the best position to gauge the surrounding

---

[4] Meyer alleges error based on the "cumulative effect" of the statement during *voir dire* about insurance and Cochran's testimony at trial about her debt. Any error in either statement was cured by the trial court's admonitions.

As for the statement about insurance, we addressed the effect of such a statement during *voir dire* in *Stone v. Stakes*, 749 N.E.2d 1277, 1280 (Ind. Ct. App. 2001), *on reh'g*, 755 N.E.2d 220 (Ind. Ct. App. 2001), *trans. denied*:

> It is important to note at this juncture the precise timing of the reference. The reference was made during *voir dire*, while the parties were questioning the prospective jurors, and not made during the trial itself. The trial court is afforded broad discretion in regulating the form and substance of *voir dire* examination.

Because *voir dire* is not part of the trial, Meyer should have moved to strike or discharge the jury panel. *See Hillenburg v. State*, 777 N.E.2d 99, 106 (Ind. Ct. App. 2002), *trans. denied*.

circumstances of an event and its impact on the jury. *Id.* When determining whether a mistrial is warranted, we consider whether the defendant was placed in a position of grave peril to which she should not have been subjected. *Id.* The gravity of the peril is determined by the probable persuasive effect on the jury's decision. *Id.*

[9] A timely and accurate admonition is presumed to cure any error in the admission of evidence, so reversible error will seldom be found if the trial court has admonished the jury to disregard a statement made during the proceedings. *Id.* The same is true of jury instructions; on appeal we presume the jury followed the law contained within the trial court's instruction and applied that law to the evidence before it. *Tipmont Rural Elec. Membership Corp. v. Fischer*, 697 N.E.2d 83, 90 (Ind. Ct. App. 1998), *reh'g denied*, *aff'd*, 716 N.E.2d 357 (Ind. 1999). *And see Kinney v. Butcher*, 131 S.W.3d 357, 360 (Ky. Ct. App. 2004) (absent evidence to the contrary, we must assume the admonition achieved the desired effect). The Wisconsin Supreme Court applied similar reasoning in *Roehl v. State*, 253 N.W.2d 210, 217 (Wis. 1977): "We have frequently said that possible prejudice to a defendant is presumptively erased from the jury's collective mind when admonitory instructions have been properly given by the court." As Meyer has not demonstrated either presumption is overcome, we cannot say denial of a mistrial was error.

[10] We noted in *Piatek* that there is little Indiana authority addressing in depth when such a presumption is overcome, but we found guidance in decisions from other states. In *Jones v. State*, 100 S.W.3d 1, 4-5 (Tex. App. 2002), *pet. for*

*discretionary review denied*, the court held an instruction to disregard is presumed to cure error except in extreme circumstances where the evidence is "clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds." *Id*. Jones did not overcome the presumption because he presented no cogent argument demonstrating evidence the State elicited regarding a defense witness's prior criminal record "was of such a character that it was impossible for jurors to withdraw the impression created by the evidence from their minds." *Id*. at 5.

Nor has Meyer, as she has not demonstrated that the references to insurance or Cochran's debt were "calculated to inflame the minds of the jury" or that the jury would be unable to put the references to insurance or Cochran's debt out of its "collective mind." The trial court did not abuse its discretion by denying the motion for a mistrial.

# Conclusion

The trial court's admonitions cured any error in the admission of statements about insurance or Cochran's debt and thus it did not abuse its discretion when it denied Meyer's motion for mistrial. We accordingly affirm the trial court.

Affirmed.

Baker, J., and Brown, J., concur.